144 P.3d 34

**STATE of Idaho, Plaintiff–Respondent,**

v.

**McGavin O. MEDRAIN, Defendant–Appellant.**

No. 31998.

Court of Appeals of Idaho.

June 8, 2006.

Review Denied Oct. 11, 2006.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant. Justin M. Curtis argued.

Hon. Lawrence G. Wasden, Attorney General; Courtney E. Beebe, Deputy Attorney General, Boise, for respondent. Courtney E. Beebe argued.

PERRY, Chief Judge.

McGavin O. Medrain appeals from his judgment of conviction and sentence for delivery of a controlled substance within 1000 feet of a school and being a persistent violator. On appeal, Medrain challenges the finding that he is a persistent violator, the length of his sentence, and the district court's order denying his I.C.R. 35 motion for reduction of sentence. We affirm in part, vacate in part, and remand for entry of an amended judgment of conviction.

## I.

### FACTS AND PROCEDURE

After a confidential informant obtained methamphetamine from Medrain's residence, Medrain was charged with delivery of a controlled substance within 1000 feet of a school,

I.C. §§ 37–2732(a)(1)(A), 37–2739B(b)(2), and the state requested a persistent violator sentence enhancement, I.C. § 19–2514. Medrain pled not guilty and the case proceeded to trial. To prove that Medrain had previously been convicted of two felonies-an element of the persistent violator claim-the state introduced a judgment of conviction indicating "McGavin O. Medrain" pled guilty to delivery of a controlled substance, which was committed on or about March 5, 1996. The state also introduced a judgment of conviction indicating that "McGavin O. Medrain" pled guilty to aggravated assault, which was committed on or about March 15, 1996. Both judgments of conviction were entered on December 10, 1996. Medrain objected to the introduction of those documents, asserting that the state failed to lay a sufficient foundation. The district court overruled Medrain's objection. Medrain was found guilty of delivering a controlled substance within 1000 feet of a school and of being a persistent violator.

At Medrain's sentencing, the district court noted concern as to whether the state had presented sufficient evidence to support the persistent violator finding. Therefore, the district court indicated that it was sentencing Medrain without regard to the enhancement permitted under the persistent violator statute.[1] The district court then sentenced Medrain to a unified term of twenty years, with a minimum period of confinement of five years. Thereafter, Medrain filed a Rule 35 motion for reduction of his sentence, which the district court denied. This appeal followed.

## II.

### ANALYSIS

#### A. Persistent Violator Finding

■ Medrain contends that the state failed to produce sufficient evidence proving Medrain's identity as the "McGavin O. Medrain" referred to in the judgments of conviction

---

1. The district court also noted concerns regarding whether the enhancement for delivery within 1000 feet of a school was appropriate and, thus, indicated that it did not consider the school

enhancement in sentencing Medrain. On appeal, Medrain does not challenge his judgment of conviction as to delivery of a controlled substance within 1000 feet of a school.

from 1996 and, thus, it failed to produce sufficient evidence that Medrain had previously been convicted of two felonies. Medrain also contends that the state failed to demonstrate the two judgments of conviction should not be subject to the general rule that convictions entered on the same day count as a single conviction for establishing a defendant's persistent violator status.

▮▮▮ The persistent violator statute, I.C. § 19-2514, provides:

Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

The former convictions relied upon to invoke the persistent violator enhancement must be alleged in the indictment or information and proved at trial. *State v. Cheatham,* 139 Idaho 413, 416, 80 P.3d 349, 352 (Ct.App.2003); *State v. Martinez,* 102 Idaho 875, 880, 643 P.2d 555, 560 (Ct.App.1982). Thus, the state is required to establish the identity of the defendant as the person formerly convicted beyond a reasonable doubt. *Cheatham,* 139 Idaho at 416, 80 P.3d at 352; *Martinez,* 102 Idaho at 880, 643 P.2d at 560. A certified judgment of conviction accompanied by mug shots, fingerprint cards and testimony that those fingerprints are similar to the defendant's fingerprints, constitutes sufficient evidence to establish identity for purposes of the persistent violator enhancement. *Martinez,* 102 Idaho at 880, 643 P.2d at 560. However, a certified copy of a judgment of conviction bearing the same name as the defendant, with nothing more, is insufficient to establish the identity of the person formerly convicted beyond a reasonable doubt. *Id.* Where a defendant is not sufficiently identified as the same individual who was previously convicted, the judgment of conviction finding him or her to be a persistent violator must be vacated. *State v. Polson,* 92 Idaho 615, 622, 448 P.2d 229, 236 (1968).

The state alleges that the jury knew Medrain's name was "McGavin O. Medrain" and the judgments of conviction from 1996, which were entered into evidence, included a social security number and date of birth. The state also asserts that Medrain failed to offer evidence disproving his identity as the "McGavin O. Medrain" listed in the judgments of conviction and failed to object to the sufficiency of the state's evidence that he was a persistent violator before the district court. The state thus urges that it was not required to introduce mug shots or other evidence establishing Medrain's identity as the person referred to in the judgments of conviction from 1996.

▮▮▮ Initially, we note that this Court may consider the sufficiency of the totality of evidence presented at trial when the issue is raised on appeal, regardless of whether the defendant also sought review of that question in the trial court. *State v. Ashley,* 126 Idaho 694, 698–700, 889 P.2d 723, 727–29 (Ct.App. 1994). Further, the law does not impose upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. *See State v. Stricklin,* 136 Idaho 264, 268–69, 32 P.3d 158, 162–63 (Ct.App.2001). Our inquiry is not whether Medrain disputed the state's evidence. Rather, the question before us is whether state produced substantial evidence upon which the jury could have found that the state sustained its burden of proving Medrain was the same person referred to in the judgments of conviction beyond a reasonable doubt. *See State v. Cortez,* 135 Idaho 561, 563, 21 P.3d 498, 500 (Ct.App.2001); *State v. Fabeny,* 132 Idaho 917, 923, 980 P.2d 581, 587 (Ct.App.1999).

Although the state notes that the judgments of conviction from 1996 depict a date of birth and social security number, the state produced no evidence of Medrain's social security number and date of birth. Rather, the only evidence before the jury connecting Medrain to the "McGavin O. Medrain" listed in the judgments of conviction was the similarity between the two names. That Medrain bore the same name as the person referred to in the judgments of conviction from 1996, with nothing more, was legally insufficient to

prove Medrain's identity as that person beyond a reasonable doubt. Therefore, we conclude that the state failed to produce substantial evidence upon which a reasonable jury could have found that the state sustained its burden of proving Medrain was a persistent violator. It is thus unnecessary to address Medrain's argument that, because the judgments of conviction from 1996 were entered on the same day, those convictions should have counted as one for purposes of the persistent violator statute.

 The erroneous finding that Medrain was a persistent violator broadened the district court's sentencing options. *See State v. Hernandez,* 120 Idaho 653, 660, 818 P.2d 768, 775 (Ct.App.1991). Ordinarily, when a discretionary ruling has been tainted by a legal or factual error, we vacate the decision and remand the matter for a new, error-free discretionary determination by the trial court. *State v. Upton,* 127 Idaho 274, 276, 899 P.2d 984, 986 (Ct.App.1995). However, the remand may be avoided where it is apparent from the record that the result would not change or that a different result would represent an abuse of discretion. *Id.* Thus, if we are convinced, beyond a reasonable doubt, that the persistent violator finding did not affect the sentence imposed by the district court, we will conclude that, notwithstanding the erroneous finding that Medrain was a persistent violator, Medrain is not entitled to a new sentencing hearing. *See State v. Clark,* 132 Idaho 337, 340, 971 P.2d 1161, 1164 (Ct.App.1999).

Here, the district court noted that, disregarding the penalty enhancement authorized by the persistent violator statute, it was authorized to sentence Medrain to a term of life imprisonment for delivery of a controlled substance. The district court also found that, according to the presentence investigation report, the current delivery charge was the fourth time Medrain had pled guilty to or been found guilty of a felony and the second time he had pled guilty to or been found guilty of delivery of a controlled substance. The district court indicated that it was therefore imposing Medrain's sentence of a unified term of twenty years, with a minimum period of confinement of five years, without consideration of his status as a persistent violator. The district court later reiterated:

> As far as I'm concerned the enhancements are a nonissue .... this is your fourth felony and it's your second delivery since [1996], and that in my book gets you five to twenty. So I basically have done away with these enhancements.

Accordingly, we can say, beyond a reasonable doubt, that the persistent violator finding did not affect the sentence imposed by the district court in this case. The insufficiency of the evidence to support the persistent violator finding does not require us to vacate Medrain's sentence.

 Nevertheless, the status of being a persistent violator carries with it a certain stigma. In addition to causing enhancement of the sentence imposed by the sentencing court, a person's status as a persistent violator can cause prison officials to be reluctant to grant parole. *Clark,* 132 Idaho at 340, 971 P.2d at 1164. Accordingly, although Medrain is not entitled to a new sentencing hearing, he is entitled to have his judgment of conviction vacated and to have an amended judgment of conviction entered, which does not indicate he is a persistent violator.[2]

---

2. We note that in *State v. Harrington,* 133 Idaho 563, 990 P.2d 144 (Ct.App.1999), this Court addressed whether any procedural error committed by the district court when it refused to sentence the defendant as a persistent violator was harmless to the state. The defendant in *Harrington* initially admitted to being a persistent violator but later filed a motion to withdraw his admission alleging that the two previous convictions used to support the persistent violator finding should have been treated as one. The district court agreed and withdrew its previous finding that the defendant was a persistent violator. On appeal, the state argued that the district court erred by failing to provide the state with the opportunity to prove that the defendant had been convicted of other felonies. Nonetheless, the district court had indicated it would have sentenced the defendant in the same manner regardless of whether he was found to be a persistent violator. *Id.,* at 567, 990 P.2d at 148. This Court therefore concluded that any procedural error committed by the district court was harmless to the state and affirmed the district court's order refusing to sentence the defendant as a persistent violator. *Id.* However, the injury suffered by defendants such as Medrain, which results from imposition of the stigma associated with being a persistent violator, is substantially different than

## B. Sentence Review

 Medrain also argues that his sentence of a unified term of twenty years, with a minimum period of confinement of five years, is excessive under any view of the facts. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct.App.2000). Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct.App.2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982).

 Although Medrain has not yet served the mandatory minimum period of his sentence and appeared before the parole board, he asks this Court to review the indeterminate portion of his sentence. Where a person is found to have delivered a controlled substance within 1000 feet of a school, the district court is required to impose, as a minimum, a determinate term of five years. I.C. § 37–2739B(b)(2). Medrain asserts that, because the determinate term is a statutory minimum and is not subject to modification by this Court, special circumstances exist warranting our review of the indeterminate portion of his sentence.

 When reviewing a sentence imposed under the Uniform Sentencing Act, we treat the minimum period of incarceration as the probable duration of confinement. I.C. § 19–2513; *Sanchez*, 115 Idaho at 777, 769 P.2d at 1149. By focusing on this period, we do not wholly disregard the aggregate length of the sentence, but we recognize that a defendant will be eligible for parole at that time. *Id.* The indeterminate portion of a sentence will be examined on appeal only if the defendant shows that special circumstances require consideration of more than the fixed period of confinement. *State v.*

*Bayles*, 131 Idaho 624, 628, 962 P.2d 395, 399 (Ct.App.1998); *State v. Herrera*, 130 Idaho 839, 840, 949 P.2d 226, 227 (Ct.App.1997).

We are not persuaded that the minimum period of Medrain's sentence is not the probable duration of confinement simply because it represents a statutory minimum. Because Medrain has yet to complete his determinate term, he has failed to rebut the presumption that the determinate term represents the probable duration of his confinement. Thus, we need not consider whether special circumstances exist and, instead, we focus upon the minimum period of Medrain's sentence as the probable term of confinement.

Further, Article V, Section 13, of the Idaho Constitution grants the legislature the power to impose mandatory minimum sentences for any crimes. *See also State v. Alexander*, 138 Idaho 18, 25, 56 P.3d 780, 787 (Ct.App.2002). Where the legislature has provided for a mandatory minimum sentence, the judicial department is without the authority to impose a lesser sentence or to reduce the sentence imposed. *See* IDAHO CONST. art. V, § 13; *State v. Pena–Reyes*, 131 Idaho 656, 657, 962 P.2d 1040, 1041 (1998). Because the determinate portion of Medrain's sentence represents the minimum term of confinement that the district court was mandated to impose, we are without authority to modify or reduce that sentence.

 We hold that, in cases such as the instant one where the determinate portion of the sentence represents the statutory mandatory minimum and special circumstances warranting review of the indeterminate portion are absent, the excessiveness of the sentence is not an issue that is further reviewable on appeal. We therefore conclude that the district court did not abuse its discretion in imposing Medrain's sentence.

## C. Rule 35 Motion

 Medrain filed a Rule 35 motion for reduction in his sentence asking the dis-

---

any injury suffered by the state in cases such as *Harrington*, which results from deprivation of the opportunity to impose that stigma. Thus, we conclude *Harrington* does not stand for the proposition that an erroneous persistent violator find-

ing is harmless to the *defendant* so long as the trial court would have imposed the same sentence notwithstanding the persistent violator finding.

trict court to reduce his sentence so that he could begin a treatment program, apply for a transfer to a work center, and begin paying child support. An order denying a motion for reduction of a sentence under Rule 35 is reviewed for an abuse of discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). If the sentence is found to be reasonable at the time of pronouncement, the defendant must then show that it is excessive in view of the additional information presented with the motion for reduction. *Hernandez*, 121 Idaho at 117, 822 P.2d at 1014.

As discussed in the previous section, the determinate portion of Medrain's sentence represents the mandatory minimum term of confinement, which the district court was required to impose, and Medrain has failed to demonstrate a special circumstance warranting review of the indeterminate portion of his sentence. Therefore, the district court did not abuse its discretion by denying Medrain's Rule 35 motion for reduction in his sentence.

### III.

### CONCLUSION

The state produced insufficient evidence to prove that Medrain was a persistent violator and, therefore, we vacate Medrain's judgment of conviction as to the persistent violator finding. However, because the district court disregarded the penalty enhancement authorized by Medrain's status as a persistent violator in sentencing Medrain, he is not entitled to a new sentencing hearing. Further, Medrain has failed to demonstrate that his sentence of a unified term of twenty years, with a minimum period of confinement of five years, or the district court's denial of his Rule 35 motion for a reduction of his sentence were an abuse of discretion. Therefore, we affirm Medrain's judgment of conviction and sentence as to delivery of a controlled substance within 1000 feet of a school, vacate his judgment of conviction as to the persistent violator finding, and remand this matter to the district court. Upon remand, the district court is directed to enter an amended judgment of conviction consistent with this opinion. The district court's order denying Medrain's Rule 35 motion is affirmed.

Judge LANSING and Judge Pro Tem WALTERS concur.

