**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36722**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 682 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 21, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANGEL LOPEZ-LIRA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

Judgment of conviction and sentences for two counts of trafficking in cocaine, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Douglas A. Werth, Werth Law Office, PLLC, Hailey, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Angel Lopez-Lira appeals from his judgment of conviction and sentences entered upon his guilty pleas to two counts of trafficking in cocaine. I.C. § 37-2732B(a)(2)(A). He also appeals the district court's denial of his I.C.R. 35 motion for reduction of those sentences. We affirm.

Lopez-Lira sold cocaine to confidential informants six separate times over a period of one year. The state charged Lopez-Lira with one count of delivery of cocaine, two counts of delivery of cocaine where children are present, and three counts of trafficking in cocaine. Lopez-Lira pled guilty to two counts of trafficking in cocaine, with the remaining charges being dismissed. The state also dismissed, in a separate case, two counts of intimidating a witness and agreed to recommend a unified sentence of fourteen years, with six years determinate.

1

The district court sentenced Lopez-Lira to a unified term of fourteen years, with six years fixed, on each count and ordered that the sentences run concurrently. Lopez-Lira filed a Rule 35 motion, which the district court denied. Lopez-Lira then pursued this appeal.

Lopez-Lira asserts that the district court erred by failing to properly recognize the bounds of its sentencing discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

At sentencing, counsel for Lopez-Lira conceded that each count carried with it a mandatory minimum sentence of three years. However, counsel argued that the mandatory minimum sentences could be run concurrently and did not have to be ordered to be served consecutively. The district court disagreed. On appeal, Lopez-Lira continues with this assertion. He argues that, because the district court had the statutory authority to run the mandatory minimum sentences concurrently, it failed to properly recognize the boundaries of its discretion. Therefore, Lopez-Lira argues that his sentences must be vacated and his case remanded for resentencing. Because we conclude that, assuming the district court erred in its determination that the mandatory minimum sentences could not be run concurrently any error would be harmless, resentencing is unnecessary in this case.[1]

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). To hold an error harmless, this Court must declare a belief, beyond a reasonable doubt, that there was no reasonable possibility that the evidence complained of contributed to the conviction. *State v. Sheldon*, 145 Idaho 225, 230, 178 P.2d 28, 33 (2008).

Although not cited by either party in its briefing, we find instructive the disposition reached by the Court in *State v. Medrain,* 143 Idaho 329, 144 P.3d 34 (Ct. App. 1999). In

---

[1] The state characterizes the issue as moot. Because of our conclusion that any error would be harmless, we do not address the state's argument.

*Medrain,* the district court erroneously found that the state had proven at trial that Medrain was a persistent violator. At sentencing, the district court noted that, even disregarding the penalty enhancement authorized by the persistent violator statute, Medrain's sentence would have been the same. On appeal, this Court determined that, although the persistent violator finding was in error, a new sentencing hearing was unnecessary. This Court stated:

> The erroneous finding that Medrain was a persistent violator broadened the district court's sentencing options. *See State v. Hernandez,* 120 Idaho 653, 660, 818 P.2d 768, 775 (Ct. App. 1991). Ordinarily, when a discretionary ruling has been tainted by a legal or factual error, we vacate the decision and remand the matter for a new, error-free discretionary determination by the trial court. *State v. Upton,* 127 Idaho 274, 276, 899 P.2d 984, 986 (Ct. App. 1995). However, the remand may be avoided where it is apparent from the record that the result would not change or that a different result would represent an abuse of discretion. *Id.* Thus, if we are convinced, beyond a reasonable doubt, that the persistent violator finding did not affect the sentence imposed by the district court, we will conclude that, notwithstanding the erroneous finding that Medrain was a persistent violator, Medrain is not entitled to a new sentencing hearing. *See State v. Clark,* 132 Idaho 337, 340, 971 P.2d 1161, 1164 (Ct. App. 1999).
>
> Here, the district court noted that, disregarding the penalty enhancement authorized by the persistent violator statute, it was authorized to sentence Medrain to a term of life imprisonment for delivery of a controlled substance. The district court also found that, according to the presentence investigation report, the current delivery charge was the fourth time Medrain had pled guilty to or been found guilty of a felony and the second time he had pled guilty to or been found guilty of delivery of a controlled substance. The district court indicated that it was therefore imposing Medrain's sentence of a unified term of twenty years, with a minimum period of confinement of five years, without consideration of his status as a persistent violator. The district court later reiterated:
>
>> As far as I'm concerned the enhancements are a nonissue. . . . . this is your fourth felony and it's your second delivery since [1996], and that in my book gets you five to twenty. So I basically have done away with these enhancements.
>
> Accordingly, we can say, beyond a reasonable doubt, that the persistent violator finding did not affect the sentence imposed by the district court in this case. The insufficiency of the evidence to support the persistent violator finding does not require us to vacate Medrain's sentence.

*Medrain,* 143 Idaho at 333, 144 P.3d at 38.

In this case, the parties argued before the district court whether the sentencing statute required the three-year mandatory minimum to be served consecutively. The district court determined that it did. However, the district court also made it clear that, even if the statute did

not so require, the appropriate sentence for Lopez-Lira's convictions was six years fixed. The district court stated:

> I've looked at the two cases that you've cited to the Court, State of Idaho versus Michael Harris, which is 141 Idaho 721, and State v. Helms, which is 130 Idaho 32, but neither of them deal with the precise issue here, which is whether the Court can avoid the mandatory minimum term on two identical counts. In this case Mr. Lira has pled guilty to two charges of trafficking in cocaine, and each charge carries a mandatory minimum term of three years.
>
> I have listened closely to the sentencing arguments, I have read the presentence investigation, and I have read all the letters from Mr. Lira's family. I have considered the nature of the offense and the character of the offender. The primary factors in this sentence to me appear to be the deterrence of the defendant in particular and the public in general and punishment or retribution.
>
> It appears that Mr. Lira was involved in more than one sale over a period of time, and many of them were large amounts of cocaine. In my view the statutes require a minimum sentence of three years on each count, which would mean that the Court has to sentence Mr. Lira to at least six years fixed in the penitentiary. But even if the statutes did not require that, the sentences, the mandatory minimum sentences added together, it is the Court's belief that Mr. Lira's activity in this case would merit that sentence.
>
> While Mr. Lira has some portions of his life that might have been commendable, that is not what the sentence--or that's not the part of the--of his life that has gotten him before the Court. And the primary factors I have already mentioned are deterrence and punishment.
>
> I am going to follow the State's recommendation in this case and impose on Count One a sentence of six years fixed in the custody of the State Board of Corrections, followed by an 8-year indeterminate sentence, for a unified sentence of 14 years.
>
> I will impose the same sentence on Count Two, and those sentences will run concurrent. And I believe that sentence satisfies the mandatory minimum sentencing requirements if they apply in this case, and I am assuming they do. But, like I say, I think would be an appropriate sentence even if they do not.

Therefore, as this Court did in *Medrain,* we are able to conclude beyond a reasonable doubt that the district court's assumption that the statute required the three-year sentences to be served consecutively, if error, was harmless.

Additionally in this case, Lopez-Lira filed a Rule 35 motion seeking reduction of the minimum term of confinement to five years so that he could be housed in a different facility operated by the Idaho Department of Corrections. At the hearing on the Rule 35 motion, the district court once again discussed its reasoning in giving Lopez-Lira a six-year minimum term. The district court stated:

4

Mr. Lira was convicted of two counts of trafficking. Each count carries a mandatory minimum fixed term of three years. These charges were serious, and the Court believes that a sentence of six years is an appropriate fixed term whether the law requires the terms to run consecutive or not. So on the merits of the Rule 35 motion, I'm going to deny the motion for Rule 35.

Another reason for denying the motion is I believe the law requires at least six years fixed, although it is possible that the defendant is correct, the Court could order concurrent sentences. At sentencing the defendant argued for concurrent sentences. So I believe at sentencing, in order to avoid the problem of whether I had to and was required to run the two fixed sentences consecutively and believing that six years was an appropriate term as a fixed term for a sentence, whether the law required it or not, I gave the defendant what he asked for and did the six years fixed and ran the sentences concurrent.

Now I see that the case is on appeal, and it's possible that the argument can get switched around now on appeal and the defendant or the State can argue that the sentences are illegal because the Court ordered sentences to run concurrently.

I want to restate that it's the intent of the Court for the defendant to serve six years fixed total for both convictions, and if the Court cannot order concurrent sentences, which is the reverse of what the defendant requested at sentencing, the sentences should be revised by the appellate court. And I want to put that in capital letters. If they determine concurrent sentences are not appropriate, the sentences should simply be revised to three years fixed on each count to run consecutive with the eight years indeterminate on each count. So the sentence on each count would be eleven years unified sentence, but the fixed terms would run consecutively.

Accordingly, as with the sentences imposed in this case, assuming the district court erred in its determination that the three-year minimum terms were required to be served consecutively, said error is harmless. Lopez-Lira's judgments of conviction and sentences and the district court's denial of his Rule 35 motion are affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**