**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39920**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 662** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: September 6, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHAD STUART RITCHIE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Judgment of conviction and sentences for two counts of aggravated assault on law enforcement personnel, being a persistent violator, and driving without obtaining a driver's license, <u>affirmed in part</u>, <u>vacated in part</u>, <u>and remanded for resentencing</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant. Spencer J. Hahn argued.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

---

SCHWARTZMAN, Judge Pro Tem

Chad Stuart Ritchie appeals from his judgment of conviction and sentences for two counts of aggravated assault on law enforcement personnel, being a persistent violator, and driving without obtaining a driver's license. For the reasons set forth below, we affirm in part, vacate in part, and remand to the district court for resentencing.

## I.

## FACTS AND PROCEDURE

In 2011, two officers observed an individual parked after hours in the parking lot of a donation center. Based on the officers' training and experience, they suspected the individual was stealing items from the donation center's drop-off location. The officers, each on bicycle patrol, shone flashlights on the individual who, at that time, was in the driver's seat of the

vehicle. The officers identified themselves and ordered the individual to stop. Despite these commands, the individual accelerated his vehicle directly at the officers, forcing them to take evasive action. The driver of the vehicle made contact with one officer's bicycle, but that officer was not injured. The driver of the vehicle fled the scene and escaped capture, but was later identified as Ritchie.

Ritchie was charged with two counts of aggravated assault on law enforcement personnel, I.C. §§ 18-915(1) and 18-905(a); use of a deadly weapon in the commission of a crime, I.C. § 19-2520; and driving without obtaining a driver's license, I.C. § 49-301. The state subsequently alleged Ritchie was a persistent violator of the law, I.C. § 19-2514, and elected not to pursue the deadly weapon enhancement. At trial, a jury found Ritchie guilty of the two counts of aggravated assault on law enforcement personnel and driving without obtaining a driver's license. Ritchie waived a jury trial on the persistent violator allegation, and the trial judge found Ritchie to be a persistent violator of the law. The district court imposed concurrent, unified sentences of fifteen years, with minimum periods of confinement of three years, for each of the aggravated assault on law enforcement personnel convictions and retained jurisdiction.[1] The district court also ordered Ritchie to serve ninety days concurrent for driving without obtaining a driver's license. Ritchie appeals, challenging his conviction for driving without obtaining a driver's license and the finding he is a persistent violator.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light

---

[1] The maximum sentence for aggravated assault on a police officer is ten years. I.C. §§ 18-906, 18-915(1)(b).

2

most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

### III.

### ANALYSIS

Ritchie argues there is insufficient evidence for the finding he is a persistent violator because the district court improperly relied on the information, a document not admitted into evidence.[2] The state argues that there is sufficient evidence to support the district court's finding that Ritchie is a persistent violator.[3]

The persistent violator statute, I.C. § 19-2514, provides:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

The former convictions relied upon to invoke the persistent violator enhancement must be alleged in the indictment or information and proved at trial. *State v. Cheatham*, 139 Idaho 413, 416, 80 P.3d 349, 352 (Ct. App. 2003); *State v. Martinez*, 102 Idaho 875, 880, 643 P.2d 555, 560 (Ct. App. 1982). Thus, the state is required to establish the identity of the defendant as the person formerly convicted beyond a reasonable doubt. *Cheatham*, 139 Idaho at 416, 80 P.3d at 352; *Martinez*, 102 Idaho at 880, 643 P.2d at 560. A certified judgment of conviction accompanied by mug shots, fingerprint cards and testimony regarding the similarity of those fingerprints, constitutes sufficient evidence to establish identity for purposes of the persistent violator enhancement. *State v. Medrain*, 143 Idaho 329, 332, 144 P.3d 34, 37 (Ct. App. 2006); *Martinez*, 102 Idaho at 880, 643 P.2d at 560. However, a certified copy of a judgment of conviction bearing the same name as the defendant, with nothing more, is insufficient to establish the identity of the person formerly convicted beyond a reasonable doubt. *Medrain*, 143

---

[2]   Ritchie also argues that there was insufficient evidence to support his conviction for driving without obtaining a driver's license. The state *concedes* this issue on appeal, and we vacate this judgment of conviction.

[3]   The state also contended that Ritchie's argument was actually an evidentiary challenge, which was not preserved by objection below and which is not subject to review for fundamental error. However, the state withdrew this issue at oral argument. Therefore, we do not address it.

Idaho at 332-33, 144 P.3d at 37-38.  Where a defendant is not sufficiently identified as the same individual who was previously convicted, the judgment of conviction finding him or her to be a persistent violator must be vacated.  *State v. Polson*, 92 Idaho 615, 622, 448 P.2d 229, 236 (1968); *Medrain*, 143 Idaho at 332, 144 P.3d at 37.

In this case, the state admitted into evidence two prior judgments of conviction without objection from Ritchie.  The state offered no further evidence and made no closing argument.  In finding Ritchie to be a persistent violator, it appears the district court attempted to take judicial notice of several facts.  Specifically, the district court stated as follows:

> It appears the Court--this Court, in--about April 25, 1995, imposed a judgment of conviction, sent [Ritchie] on a rider, he came back at the end of the rider.  The Court placed him on probation.  And then found [Ritchie] to be in violation of his pro--probation, apparently, a total of three times after that.
>
> The first two times, this Court reinstated Mr. Ritchie back on probation, after finding him to be in violation.  And the third time [Ritchie] was in violation, which--which represented to--to this Court, in that case, the fifth sentencing decision the Court had to make here, this Court finally pulled the trigger and imposed the sentence, with credit for time served.
>
> So, I'm convinced beyond a reasonable doubt, *based on recognizing my own documents, my own file, my own signature, that [Ritchie], who the Court does have some recollection of, albeit it's been some years, has the same Social Security number, and the same date of birth that is contained in the--the--not only the information, but the Information Part II.*[4]
>
> With respect to the documents contained in State's Exhibit No. 19, from my--which was handled by my former colleague, Judge Joel Horton, I recognize his handwriting.  I've reviewed all the documents.
>
> I am convinced by the date of birth, and by the Social Security number,[5] and the fact that the name is an exact match, that that is--that it has also been proven beyond a reasonable doubt that [Ritchie] has a second prior felony conviction.

---

[4]     The information part II does not contain Ritchie's date of birth nor does it contain his social security number.

[5]     The only reference to Ritchie's social security number and date of birth appear in the amended information, within the caption of the case.  Further, only four digits of Ritchie's social security number are set forth.  This part of the caption appears as follows:

A M E N D E D
I N F O R M A T I O N
Defendant's DOB: 5/3/1976
Defendant's SSN: xxx-xx-6826

In other words, this Court had adjudicated the first one, the first prior felony; my former colleague, Judge Horton, did the second one, or adjudicated the second one. And I am persuaded, therefore that the State has proven beyond a reasonable doubt that [Ritchie] has the two prior felonies that are alleged and that are the subject of the Information Part II.

(Emphasis added).

Idaho Rule of Evidence 201(c) provides that, "when a court takes judicial notice of records, exhibits, or transcripts from the court file in the same or a separate case, the court shall identify the specific documents or items that were so noticed." Rule 201(b) also limits the scope of facts which may be judicially noticed to those "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." The district court did not indicate the circumstances surrounding the alleged prior convictions of Ritchie are generally known in the territorial jurisdiction of the court. Facts may not be judicially noticed simply because they are within the personal recollected knowledge of the judge, if those facts are not also generally known in the jurisdiction. *Matthews v. State*, 122 Idaho 801, 807, 839 P.2d 1215, 1221 (1992). Additionally, whether Ritchie was the person convicted in the prior judgments of conviction is not capable of accurate and ready determination. Therefore, the district court's recollected facts cannot be considered in reviewing the sufficiency of the evidence.[6]

At oral argument, the state acknowledged that its sufficiency argument was not based on the information in the charging document and did not include any recollections of the district court. Rather, the state asserted that its position rested solely on three pieces of identifying information. First, the state points to an evidentiary stipulation at trial as to Ritchie's full name

---

[6]    In its briefing, the state contended there is no authority to support Ritchie's assertion that the identity of the person being tried as a persistent violator must be established by evidence independent of the identifying information set forth in the charging document. This argument assumes that the information itself is evidence that can be considered when reviewing the sufficiency of the evidence on appeal. However, Idaho Criminal Jury Instruction 102 provides, "The [Information] [Indictment] [Complaint] is simply a description of the charge; it is not evidence." We agree with this characterization of the information--it is not evidence. The state did not seek to admit the information into evidence as proof of Ritchie's date of birth or social security number. Nor did the state present any evidence at trial as to Ritchie's date of birth or social security number.

(Chad Stuart Ritchie) and that it matched those on the prior judgments of conviction. Second, the state emphasizes that the prior judgments of conviction were from Ada County, as was the underlying charge in this case. Third, the state argues that, based on the prior judgments of conviction, Ritchie would have been thirty-five years old at the time of trial and that the district court would have noticed if Ritchie's appearance was not consistent with that of a thirty-five-year-old.

Despite the state's emphasis on the unique name of Chad Stuart Ritchie, one of the prior judgments of conviction contained a different spelling of the middle name (Stewart instead of Stuart). Furthermore, there is no evidence in the record to suggest the district court considered Ritchie's age or appearance in any way. Consequently, the date of birth on the prior judgments of conviction could not have aided in proving identity. Thus, this Court is left with the following evidence: a matching first and last name; a matching, but alternate spelling, of the middle name; and judgments of conviction from the same county.

While the Idaho Supreme Court recently held in *Parton v. State*, 154 Idaho 558, 569, 300 P.3d 1046, 1057 (2013), that the same name and date of birth is sufficient to withstand a sufficiency of the evidence challenge to a persistent violator charge, a date of birth is a much more accurate indication of identity than simply having convictions from the same county. Moreover, in *Parton*, the judgment of conviction bore the same identical full name as that of the defendant. *Id.* In this case, there is a discrepancy in the spelling of the defendant's middle name. Therefore, we hold that Ritchie's first and last name, coupled only with the same, yet misspelled middle name; convictions from the same county; and no independent evidence of his date of birth, social security number, and/or other identifying data is insufficient to establish identity beyond a reasonable doubt. *See Medrain*, 143 Idaho at 332-33, 144 P.3d at 37-38.

## IV.

## CONCLUSION

The state failed to present evidence sufficient to sustain Ritchie's judgment of conviction for driving without obtaining a driver's license or the finding Ritchie is a persistent violator. Therefore, we affirm the judgment of conviction for assault on law enforcement personnel, vacate the judgment of conviction for driving without obtaining a driver's license, and vacate the persistent violator finding. Hence, this case is remanded to the district court for resentencing.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**