# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46122

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

ROBERT JAMES PRATT,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 18, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. George A. Southworth, District Judge.

Judgment of conviction and life sentence, with a minimum period of confinement of ten years, for lewd conduct with child under sixteen and sexual battery of a minor child; and order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Robert James Pratt pleaded guilty to lewd conduct with child under sixteen, Idaho Code § 18-1508, and sexual battery of a minor child, I.C. § 18-1508(A). The district court sentenced Pratt to a life sentence, with ten years determinate. Pratt filed an Idaho Criminal Rule 35 motion, which the district court denied. Pratt appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State*

*v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

The district court erroneously concluded that Pratt had specifically requested female foster children be placed in his home. Generally, when a district court's sentencing decision is tainted by legal or factual error, such error typically requires the sentence be vacated and the case remanded for a new hearing. *State v. Medrain*, 143 Idaho 329, 333 144 P.3d 34, 38 (Ct. App. 2006). However, remand is unnecessary where, as here, the record clearly demonstrates the district court would have imposed the same sentence based solely on the other information before the court. *Id.* Here, this Court concludes the district court did not rely exclusively on that factor in imposing sentence, and the record establishes the court would have imposed the same sentence regardless of its erroneous factual conclusion as demonstrated by the district court's statements at sentencing and the subsequent denial of Pratt's I.C.R. 35 motion. Consequently, Pratt's sentence is affirmed.

Next, we review whether the district court erred in denying Pratt's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). The basis for Pratt's Rule 35 motion was his belief that the district court had relied upon erroneously factual information - that Pratt has specifically requested female foster children be placed in his home. The district court acknowledged Pratt's argument but was unpersuaded that single piece of information justified a reduction of Pratt's sentence. Based on a review of the record, including the new information submitted with Pratt's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Pratt's judgment of conviction and sentence, and the district court's order denying Pratt's I.C.R. 35 motion, are affirmed.