971 P.2d 1161

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Thomas Edward CLARK, Defendant–Appellant.**

No. 24154.

Court of Appeals of Idaho.

Oct. 29, 1998.

Review Denied Feb. 25, 1999.

Wiebe & Fouser, Canyon County Public Defender; Matthew J. Roker, Deputy Public Defender, Caldwell, for defendant-appellant. Matthew J. Roker argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for plaintiff-respondent. Kenneth K. Jorgensen argued.

PERRY, Judge.

Thomas Edward Clark appeals from a judgment of conviction for two counts of lewd and lascivious conduct. I.C. § 18–1508. The jury also found him to be a persistent violator. I.C. § 19–2514. On appeal, Clark challenges the finding that he was a persistent violator. Clark also challenges his sentence, claiming it was excessive. We find the first issue dispositive, vacate the district court's judgment of conviction and remand for resentencing.

## I.

### FACTS AND PROCEDURE

In 1982, Clark was charged with five counts of statutory rape in the first degree in Pierce County, Washington. An amended information was filed, and Clark pled guilty to three counts of felony indecent liberties. Clark was sentenced to ten years for each count, but the sentences were suspended and Clark was placed on probation. In 1984, Clark violated probation and the sentences were ordered into execution. Clark served his sentence and then moved to Canyon County, Idaho, to live with his mother.

In the case at hand, Clark babysat for the victim's grandmother and did odd jobs around the house. According to the victim, B, the sexual abuse began when she was very young and continued until Clark's arrest, when B was eleven. Clark molested B approximately twice a week.

Clark was charged with two counts of lewd and lascivious conduct with a child and was also charged with being a persistent violator. A jury found him guilty of the two counts of lewd and lascivious conduct. Clark moved to dismiss the persistent violator charge, claiming the evidence submitted was insufficient to establish that he had the necessary previous felony convictions. The district court denied the motion, and the jury found that Clark was a persistent violator. The district court imposed two unified life sentences, with thirty years fixed, to run concurrently. Clark filed an I.C.R. 35 motion, which the district court denied without a hearing. Clark appealed.

## II.

### DISCUSSION

Clark contends that the district court erred when it decided, as a matter of law, to submit the persistent violator issue to the jury. Clark contends that the persistent violator statute, I.C. § 19–2514, requires that a defendant be convicted three different times, with three different episodes in court, to be subjected to the sentence enhancement. Idaho Code Section 19–2514 reads:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

Clark asserts that the evidence presented in this case, as a matter of law, did not meet the requirements of I.C. § 19–2514 because the evidence did not show that Clark had been convicted of the necessary two prior felony convictions. We exercise free review over questions of law. *State v. O'Neill,* 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

The prosecution submitted, in support of Clark's persistent violator status, a "crime packet" from the state of Washington. This packet included a single "Judgment and Sentence," decreeing Clark guilty of "Indecent Liberties—three counts." The state introduced, as the only proof of the facts underlying Clark's prior case, an amended information from 1982 which charged Clark with the three felonies. However, the felonies alleged in the Washington information were not dis-

tinguished by time, date, or location—only by different victims. Thus, Clark claims that because his Washington conviction was entered on the same day and stemmed from the same amended information, the proof submitted to the district court was insufficient to show he had been twice previously convicted of a felony. Therefore, Clark argues that the evidence did not support the district court's decision to submit the persistent violator issue to the jury.

In response, the state asserts that the prior conviction here was based on three "distinguishable incidents of criminal conduct." In the alternative, the state argues that even if the persistent violator finding was error, the error was harmless because it did not affect the district court's ultimate sentence.

## A. Persistent Violator

 Idaho is in line with the majority of jurisdictions which have concluded that, generally, convictions entered the same day or charged in the same information count as a single conviction for establishing a defendant's persistent violator status. *State v. Brandt,* 110 Idaho 341, 344, 715 P.2d 1011, 1014 (Ct.App.1986). This rule not only allows the defendant an opportunity to rehabilitate between convictions, but also assures that the first time offender, who commits multiple felonies during the same course of events, will be warned about the persistent violator statute. *Brandt,* 110 Idaho at 344, 715 P.2d at 1014, *citing* Annot., 24 A.L.R.2d 1247 (1952) (superseded by 7 A.L.R.5th 263 (1992)). "However, the nature of the convictions in any given situation must be examined to make certain that the general rule is appropriate." *Brandt,* 110 Idaho at 344, 715 P.2d at 1014.

In *Brandt,* we concluded that Brandt's situation distinguished itself from the general rule. Brandt escaped from jail while awaiting sentencing for three felonies to which he had pled guilty. Brandt was recaptured and a jury found him guilty of escape, injury to jail property, assault and robbery. The jury also found that Brandt was a persistent violator based on the three prior felonies for which he was awaiting sentencing. The

three prior offenses in *Brandt* were charged in three separate informations and each charge represented a separate crime, which occurred in a separate location with a separate victim. The judgments and sentences were imposed the same day because a plea bargain agreement was reached. As part of the plea agreement, Brandt had negotiated to have a persistent violator charge dismissed. Thus, not only were Brandt's felonies separate criminal transactions, he had explicit notice that further felonies could result in a persistent violator sentence enhancement.

We came to a similar conclusion in *State v. Smith,* 116 Idaho 553, 777 P.2d 1226 (Ct.App. 1989). Smith's convictions were for separate crimes perpetrated against separate victims. The convictions "consisted of two burglaries in different counties, and one escape from a jail." *Smith,* 116 Idaho at 560, 777 P.2d at 1233. We concluded that because the "convictions were for distinguishable incidents of criminal conduct, . . . it was permissible to treat them as evidence of multiple prior felonies." *Smith,* 116 Idaho at 560, 777 P.2d at 1233.

The evidence presented in Clark's case, however, does not distinguish it from the general rule; there is no evidence that Clark committed the lewd acts in different places or at different times. The only factual evidence presented was the amended information, which described the three charges as follows:

> That the said THOMAS EDWARD CLARK, in the County of Pierce, in the State of Washington, during the months of June, July and August, 1982, did then and there being unlawfully and feloniously knowingly cause [J.P.E.], not the spouse of the defendant and less than 14 years of age, to have sexual contact with the defendant or another, . . .
>
> . . . .
>
> That the said THOMAS EDWARD CLARK, in the County of Pierce, in the State of Washington, during the months of June, July and August, 1982, did then and there being unlawfully and feloniously knowingly cause [L.J.B.], not the spouse of the defendant and less than 14 years of

age, to have sexual contact with the defendant or another, ...

. . . .

That the said THOMAS EDWARD CLARK, in the County of Pierce, in the State of Washington, during the months of June, July and August, 1982, did then and there being unlawfully and feloniously knowingly cause [G.L.H.], not the spouse of the defendant and less than 14 years of age, to have sexual contact with the defendant or another, ...

The only distinguishing fact, to be gathered from the amended information, is that Clark committed the crime against different victims. The prosecution did not call any witnesses to testify regarding the circumstances involved in the prior felonies. Since nothing in the record distinguishes these crimes by date or location, there may have been a single criminal episode in which all three victims were molested. Clark's case, then, is unlike either *Brandt* or *Smith,* where the prior felonies were proven by the state to be separate crimes, involving separate times, locations and victims. The evidence presented by the state in this case is insufficient to show that Clark's crimes were separate criminal transactions.

The policy underlying the general rule, which treats convictions entered on the same day as one conviction for the purpose of the persistent violator statute, provides a criminal defendant an opportunity to reform himself between convictions. *Brandt,* 110 Idaho at 344, 715 P.2d at 1013. In this case, Clark was charged with all three prior felonies in the same information on the same day. There was no evidence that time elapsed between the crimes, and there was no evidence that the crimes were committed in different locations. The evidence presented did not prove that Clark had time to reform his actions between crimes. Based upon the foregoing, we conclude that the district court erred when it submitted the persistent violator issue to the jury.

**B. Harmless Error**

■ Generally, an error will be regarded as harmless if the appellate court determines

beyond a reasonable doubt that the same result would have been reached, regardless of the error. *State v. Hudson,* 129 Idaho 478, 480, 927 P.2d 451, 453 (Ct.App.1996). The state submits that the persistent violator finding did not affect the district court's sentence because the persistent violator statute only sets forth a mandatory minimum term of five years, whereas the district court exceeded that mandatory minimum and sentenced Clark to a fixed thirty-year sentence.[1] Thus, the state contends that because the district court was well aware of Clark's sexual history included in the PSI report, the status of being a persistent violator did not change the result in this case.

■ The issue before us then is whether we are convinced, beyond a reasonable doubt, that the persistent violator finding did not affect the sentence imposed by the district court. We recognize that the legislature created the persistent violator statute to insure that habitual criminals will serve longer periods of incarceration than first-time felons. The persistent violator status carries with it a certain stigma and may place pressure on the sentencing court to protect the public with a more lengthy sentence, as well as on prison officials who may be reluctant to grant parole. Therefore, a persistent violator finding will often cause enhancement of the sentence imposed by the sentencing court and may also defer one's parole status.

■ In this case, Clark was found to be a persistent violator and was sentenced to prison for a long term, perhaps a term that will exceed the duration of his life. Although the district court listed the persistent violator finding separately in Clark's judgment of conviction, it did not make a separate reference to the persistent violator finding when it defined the sentence. Also, a review of the transcript reveals that the record is silent as to how the persistent violator finding was taken into account by the district court in constructing the sentence. Based on the underlying policies of the persistent violator legislation, the district court's silence as to what weight, if any, it gave the persistent

---

1. Lewd and lascivious conduct carries a maximum penalty of life in prison. I.C. § 18–1508.

violator finding, and the facts of this particular case, we are not convinced beyond a reasonable doubt that the district court would have sentenced Clark to thirty years fixed if he had not been found to be a persistent violator. Therefore, we are unable to conclude that this error was harmless.

### III.

### CONCLUSION

We conclude that the district court erred when it submitted the persistent violator issue to the jury. We also conclude that the error was not harmless. The persistent violator finding is reversed. Clark's judgment of conviction is vacated, and this case is remanded for resentencing.

LANSING, C.J. and SCHWARTZMAN, J., concur.