IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 40159/40160

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 704 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 9, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER LEE LAY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and sentence for attempted strangulation, affirmed. Sentence for intimidating a witness, vacated and case remanded.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

In this consolidated appeal, Christopher Lee Lay appeals from the judgments of conviction in two cases that were consolidated in the trial court. Lay argues that the trial court impermissibly applied the persistent violator enhancement to his sentence in one case because the State did not charge him with being a persistent violator of the law in that case. In the other case, he admits that it was proper to sentence him as a persistent violator, but contends that the sentence is excessive.

## I.

## BACKGROUND

On November 17, 2011, the State filed an information charging Lay with attempted strangulation, a felony, Idaho Code § 18-923, and domestic battery in the presence of children, a misdemeanor, I.C. §§ 18-918(3)(b), 18-918(4). In that same case, the State filed an information

part II alleging that Lay had committed two prior felonies and was, therefore, a persistent violator of the law under I.C. § 19-2514. While charges in this first case were pending, the State came to believe that Lay had improperly communicated with a witness in that case. Based upon those communications, the State filed a new complaint with a new case number charging Lay with felony intimidating a witness, I.C. § 18-2604(3). At the preliminary hearing in the second case, the State sought and obtained an order consolidating the two cases. The information in the second case did not allege that Lay was a persistent violator of the law.

The consolidated cases proceeded to a jury trial. Lay was found guilty of attempted strangulation, domestic battery in the presence of a child, and intimidating a witness. Thereafter, the jury was instructed regarding the persistent violator allegation. These instructions repeatedly referenced the persistent violator allegation as being applicable to the felony charges in both cases. After deliberating, and on a verdict form listing both case numbers, the jury found that Lay was a persistent violator of the law.

At the sentencing hearing, the trial court made clear that the sentences in both cases were enhanced by Lay's persistent violator status. In the first case, Lay was sentenced to an aggregate term of fifteen years' imprisonment, with five years fixed and ten years indeterminate for the attempted strangulation, and to time served on the domestic battery charge. In the second case, Lay was sentenced to a successive five-year indeterminate term of imprisonment. The written judgments of conviction reiterated that the sentences in both cases were "enhanced by the persistent violator charge."

Lay appeals, contending that the court erred by applying a persistent violator enhancement to his sentence in the second case and by declining to grant probation in either case.

## II.

## ANALYSIS

Lay argues that he was improperly denied due process of law in the witness intimidation case when the trial court applied a persistent violator sentence enhancement because there was no allegation that he was a persistent violator in the charging information. Lay admits that the court could have imposed the same sentence without a determination that he was a persistent violator of the law, but argues that the error was not harmless because the trial court considered the enhancement when crafting his sentence.

2

**A.** **Imposing a Sentence Enhanced under the Persistent Violator Statute for the Intimidating a Witness Offense Constituted Fundamental Error**

The State admits that it did not charge Lay as a persistent violator in the second case and that it was not proper to submit the persistent violator issue to the jury in that case. Nonetheless, the State argues that Lay's failure to object below is fatal to his claims on appeal. The record shows that Lay did not object to the jury instruction or verdict form, which indicated that the persistent violator enhancement would apply to both cases, or to the district court's statement at the sentencing hearing that sentences in both cases would be subject to the enhancement. However, the failure to object is not fatal to Lay's arguments on appeal.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). A claim of error to which no objection was made below may be raised, however, if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978. The *Perry* test applies to all claims of error relating to proceedings in criminal cases. *State v. Carter*, 155 Idaho 170, 174, 307 P.3d 187, 191 (2013).

As to the first prong of *Perry*, we must determine whether the alleged error amounts to a violation of a constitutional right and whether that right was waived. Lay argues that he was deprived of notice of the persistent violator enhancement in the second case. It is clear that lack of notice in charging documents implicates due process rights with constitutional dimension. *See State v. Gerardo*, 147 Idaho 22, 30, 205 P.3d 671, 679 (Ct. App. 2009); *State v. Galaviz*, 104 Idaho 328, 331, 658 P.2d 999, 1002 (Ct. App. 1983). In *Gerardo*, the defendant was charged with burglary and attempted robbery. The indictment alleged a sentence enhancement for use of a firearm in the commission of the burglary only, but a jury instruction and a special verdict form asked the jury to determine whether Gerardo employed a firearm in the commission of "a crime," thus allowing application of the enhancement if the weapon was used in either the burglary or the

3

attempted robbery. This Court found reversible error. We noted that although under I.C. § 19-2520 the use of a firearm only enhances the defendant's sentence and is not an element of the underlying offense, constitutional constraints apply. We stated:

> [S]ection 19-2520 itself specifies that the enhancement may be imposed only if the use of a firearm in committing the crime "is separately charged in the information or indictment" and is either admitted by the accused or found to be true by the fact-finder. This provision of I.C. § 19-2520 conveniently ensures conformity with United States Supreme Court authority holding that the constitutional rights to due process and to a jury trial require that any fact that would subject an accused to an increased penalty beyond the otherwise applicable maximum must be treated, for purposes of pleading and proof, as an element of the offense rather than a mere sentencing factor. Thus, although a fact justifying an I.C. § 19-2520 sentence enhancement is not one of the statutory elements of the charged offense, it is required to be a component of the charging document and hence is subject to the strictures on amendments to the charging document.

*Gerardo*, 147 Idaho at 30-31, 205 P.3d at 679-80 (citations omitted). We concluded that the challenged jury instruction and verdict form allowed application of the firearm enhancement if the jury found that the defendant used a firearm in the attempted robbery, even though the sentence enhancement was alleged in the indictment only as to the burglary. This, we said, allowed additional punishment on the finding of additional facts that were not charged, constituted a constructive amendment to the indictment, and was fundamental error. *Id.* at 31, 205 P.3d at 680.

The scope of the right to notice and the issue of waiver, however, are more complicated. In *State v. Miller*, 151 Idaho 828, 832, 264 P.3d 935, 939 (2011), Miller argued "that the district court lacked subject matter jurisdiction to sentence him as a persistent violator because the enhancement was not included in the information." In that case, the State sought leave to amend the charging document and the court granted leave, but the State never filed an amended information. Instead, the State informed Miller that it was seeking an enhancement by filing a document titled "Notice to Defendant" several months before he pled guilty to some of the charged offenses and admitted to being a persistent violator. The Court noted that this did not comply with Idaho Criminal Rule 7(c)[1] but held that the failure was not jurisdictional, but an

---

[1] Idaho Criminal Rule 7(c) sets forth the proper means of providing notice to a defendant that the State intends to allege the persistent violator enhancement:

4

issue of notice.  *Miller*, 151 Idaho at 833, 264 P.3d at 940.  Then, the Supreme Court held that Miller waived the issue of notice by pleading guilty and admitting to the persistent violator status, but also held that three months of notice before the beginning of trial would be sufficient regardless of Miller's plea.  *Id.*   More particularly, the Court held that "[n]otice is a matter of due process, and must be raised before trial or it is waived."  *Id.*

If we applied the holding in *Miller* in this case, Lay's failure to object would bar relief because his right to notice would have been waived by his failure to raise this issue before trial. But significant factual differences make *Miller* distinguishable and warrant a different legal conclusion.  First, while Miller had notice that the State would be seeking a persistent violator enhancement long before trial, Lay was not on notice of the possibility of a persistent violator enhancement in the second case until the jury was instructed.  Second, while Miller pled guilty, Lay's cases proceeded to jury trial.  In short, Miller had an opportunity to object and took an affirmative step to waive this right by pleading guilty to the enhancement.  Lay neither had an opportunity to object before trial nor took any affirmative steps to waive his right.  Accordingly, we cannot find that the *Miller* ruling is applicable here.

Because notice is an issue of constitutional import and because Lay did not waive his right to notice, we must turn to the question of whether his right to notice was plainly violated. The State argues that notice serves particular policy purposes which were not implicated in this case.  In general, the right to notice protects the ability to mount a proper defense.  *Id.* at 832, 264 P.3d at 939; *State v. Brazil*, 136 Idaho 327, 331, 33 P.3d 218, 222 (Ct. App. 2001).  In this case, because he was charged as a persistent violator in the companion case, it is unlikely that compliance with I.C.R. 7(c) in the witness intimidation case would have caused Lay to mount a different defense.  Lay had the opportunity to defend against the persistent violator charge, and it is hard to imagine how his defense might have changed if he had been on notice that the enhancement applied to the charge in the second case.

Nonetheless, we hold that the notice given was insufficient and violated Lay's rights.  We find the Supreme Court's discussion in *Miller* is instructive.  There, the Court was critical of the

---

In all cases wherein an extended term of imprisonment is sought as the result of a prior conviction or convictions, the indictment or information shall set forth the facts on which the extended term of imprisonment is sought.

State's actions, explicitly stating that "[t]his case is not to be considered the best practice for purposes of notice to a defendant of a persistent violator enhancement." *Miller*, 151 Idaho at 833, 264 P.3d at 940. In this case, the State's failure to provide notice was much greater. The only allegation of a persistent violator enhancement was in a *different* case. The consolidation of the two cases as a matter of convenience to avoid duplicative proceedings in the trial court ought not eliminate Lay's constitutional rights in the second case. As stated by the United States Supreme Court, "Conviction upon a charge not made would be sheer denial of due process." *DeJonge v. Oregon*, 299 U.S. 353, 362 (1937).

We also conclude that the error was plain. Because the proper procedure is set forth in I.C.R. 7(c), noncompliance with the rule makes the error clear and obvious. Nothing in the record suggests that the lack of objection in the trial court was a tactical decision of defense counsel, and we cannot imagine any tactical basis to allow an uncharged sentence enhancement to be applied.

Finally, turning to the third prong of *Perry*, Lay cannot prevail if the error was harmless. The State argues that any error was harmless because the sentence imposed in the second case was within the statutory maximum for felony intimidating a witness without any sentence enhancement.

In past cases, our decision regarding harmlessness has sometimes turned upon the statements of the trial court at sentencing. For example, in *State v. Medrain*, 143 Idaho 329, 333, 144 P.3d 34, 38 (Ct. App. 2006), the trial court stated that "the enhancements are a nonissue" when sentencing the defendant. On that basis, we held that we did not need to vacate the defendant's sentence. *See also State v. Harrington*, 133 Idaho 563, 567, 990 P.2d 144, 148 (Ct. App. 1999). Here, however, the trial court specifically said that the sentence was "enhanced as a persistent violator," but did not say precisely how that consideration affected the sentence. Accordingly, we cannot say the error was harmless. *See State v. Clark*, 132 Idaho 337, 340-41, 971 P.2d 1161, 1164-65 (Ct. App. 1998). We therefore must remand for resentencing on the intimidating a witness conviction.

**B.    Sentence Review**

Lay also argues that the trial court abused its discretion by not placing him on probation in the attempted strangulation case. He does not argue that his sentence is illegal, but that his sentence was excessive because the trial court failed to adequately consider certain mitigating

6

factors. He identifies as significant mitigating factors: the wishes of the victim who did not want Lay to be imprisoned, Lay's drug addiction, his acknowledgement that he was responsible for his previous failure to comply with the conditions of probation and parole, his good behavior in prison while these charges were pending, and his insight in requesting that the trial court bar him from entering into or maintaining any romantic relationship for a period of years.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

At sentencing, the trial court expressly considered the relevant sentencing factors, and many of the mitigating considerations Lay now raises. The victim requested that Lay be given "another chance." She also claimed that she concocted a false story that Lay assaulted her and that she was to blame for a wrongful conviction. Both the jury, in finding guilt, and the trial court, at sentencing, rejected the victim's new version of the facts. Rather, the court considered the victim's request for leniency for her abuser to be common in domestic violence situations. The trial court also considered Lay's drug use and agreed that his behavior may have been exacerbated by substance abuse, but did not find that this was an appropriate basis to allow probation. Nor did the court find that Lay's acknowledgement that he repeatedly failed to comply with the requirements of probation and parole warranted leniency. In the court's view, Lay's acknowledgment of his history of noncompliance was not evidence that Lay had learned

any lesson, but evidence that probation would not be an appropriate sentence because Lay was unlikely to comply with the terms of probation.

The record in this case indicates that Lay is a multiple offender, that he has previously violated the terms of probation and parole, and that he has continued to commit crimes despite being offered substantial treatment while in prison. An expert reported that Lay was a moderate risk to reoffend. On this record, the district court did not err in its determination that Lay presented "an undue risk that during any period of probation [he] would commit additional crimes that may very well involve violence." Lay has not shown that the district court abused its discretion by sentencing him to a period of imprisonment.

## III.

## CONCLUSION

Because the charging information did not allege a persistent violator enhancement on the charge of intimidating a witness, and Lay received no notice that such an enhancement could be imposed until the jury was instructed at the conclusion of his trial, we vacate that sentence and remand for resentencing on that charge. Lay's judgment of conviction and sentence for attempted strangulation is affirmed.

Chief Judge GUTIERREZ **CONCURS.**

Judge GRATTON **CONCURS IN THE RESULT.**