IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40435

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 377 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 14, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NICHOLAS JAMES LONGEE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction for grand theft by possession of stolen property, unlawful possession of a firearm, solicitation of grand theft by disposing of stolen property, and being a persistent violator, affirmed in part, vacated in part, and remanded for resentencing.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Nicholas James Longee appeals from his judgment of conviction for grand theft by possession of stolen property, unlawful possession of a firearm, solicitation of grand theft by disposing of stolen property, and being a persistent violator. For the reasons set forth below, we affirm in part, vacate in part, and remand for resentencing.

## I.

## FACTS AND PROCEDURE

A few days after five handguns were stolen from a rural home, O.P. and his girlfriend informed a police officer that they were in possession of five handguns they believed to be stolen. O.P. told police that he had been given the guns by an acquaintance named "Nick," later identified as Nicholas James Longee. Longee was subsequently charged with grand theft by

1

possession of stolen property, unlawful possession of a firearm, solicitation of grand theft by disposing of stolen property, and being a persistent violator. At trial, Longee's roommate testified that Longee had initially asked him to help sell some guns that Longee had stashed in a pillowcase out in the country. The roommate declined but agreed to give Longee a ride to O.P.'s girlfriend's home. O.P. and his girlfriend testified that Longee offered to sell O.P. "thumpers," which O.P. believed referred to speakers. Longee led them out to a section of deserted rural road where he retrieved a pillowcase containing one or more boxes from a ditch on the side of the road. O.P. testified that Longee eventually opened the pillowcase to show him the guns and asked O.P. to sell them for him; in exchange, Longee told O.P. he could keep one of the guns. O.P. testified that he had no interest in possessing or selling the guns because he was a convicted felon; nevertheless, he agreed to sell the guns, fearing Longee's reaction if he refused. O.P. and his girlfriend then turned the guns over to the police.

Longee chose to represent himself at trial and testified on his own behalf, disputing the accounts of the other three witnesses. Jury Instruction 11, which was based upon I.C.J.I. 202, informed the jury that the statements and arguments of the attorneys--including Longee--who were not witnesses should not be considered as evidence. Longee did not object to this instruction. Longee was also charged with being a persistent violator based upon two previous burglary convictions. The only evidence the state introduced regarding the two prior convictions were two judgments of conviction, which were entered the same day. Longee was found guilty of grand theft by possession of stolen property, I.C. §§ 18-2403(4) and 18-2407(1)(b)(1); unlawful possession of a firearm, I.C. § 18-3316; solicitation of grand theft by disposing of stolen property, I.C. §§ 18-2001, 18-2403(4), and 18-2407; and being a persistent violator of the law, I.C. § 19-2514. The district court sentenced Longee to a unified term of twenty years, with a minimum period of confinement of five years, for grand theft by possession of stolen property; a five-year determinate term for unlawful possession of a firearm; and a five-year determinate term for solicitation of grand theft by disposing of stolen property, all to run concurrently. Longee appeals.

## II.

## ANALYSIS

Longee alleges that the district court committed fundamental error through an erroneous jury instruction (Instruction 11) that violated his Fifth, Sixth, and Fourteenth Amendment right to

2

testify. Longee also asserts that there was insufficient evidence to support his conviction for being a persistent violator.

## A. Fundamental Error

Longee argues that he was deprived of his right to testify when the district court instructed the jury that the lawyers in the case, including Longee because he was self-represented, were not witnesses and their statements could not be considered as evidence. Longee did not object to the instruction at trial, so he argues that the complained of instruction constituted fundamental error. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Even assuming, without deciding,[1] that Longee's fundamental error claim does not fail under the first two prongs of *Perry*, Longee must show that there was a reasonable probability that the error affected the outcome of the trial proceedings. *See Perry*, 150 Idaho at 226, 245 P.3d at 978. At trial, the state presented the testimony of several witnesses, including O.P., who turned the guns over to police; O.P.'s girlfriend; and Longee's roommate--all of whose testimony was consistent with one another, was consistent with their prior statements, and supported the state's theory of the case. Although Longee's roommate and O.P. were both convicted felons, this fact was acknowledged and addressed by the state, allowing the jury to consider the credibility of these witnesses regardless of any alleged error.

---

[1] Of course, we caution that instructions such as this should not be given without modification in these circumstances. Plainly, when a self-represented litigant gives sworn testimony, it is evidence and entitled to whatever weight the jury may give it.

3

Moreover, Longee's testimony in his defense, which he never told to investigators and presented for the first time at trial, was implausible and did little to undermine the evidence presented by the state. Longee testified that he did not offer to sell guns to his roommate and, instead, asked the roommate if he knew where Longee could get a good deal on a car stereo system. Longee testified that the roommate directed him to their mutual acquaintance, O.P. Longee also testified that, after his roommate put him in contact with O.P. and dropped him off at O.P.'s girlfriend's home, it was O.P. who led Longee out to the deserted rural road in order to sell him "thumpers," which Longee understood to mean speakers. According to Longee, when it was revealed that the "thumpers" were guns, O.P. asked Longee to hold the guns for him but Longee refused. Longee testified that O.P. did not want his girlfriend to know that he was taking Longee to the items or that the items belonged to O.P., yet Longee failed to explain why O.P. would bring his girlfriend along if this were the case. Longee admitted that he gave O.P.'s girlfriend directions to the location of the guns, but also testified that he was not sure of the location. Longee's explanation for this inconsistency was that he was seated in the back passenger seat of the small two-door vehicle and was being fed directions by O.P., who was seated in the front passenger seat, via hand signals made behind his seat. This is despite the girlfriend's testimony that O.P.'s hands were either folded on his lap or holding her hand and that O.P. had not made any hand signals. She also testified that doing so would be very difficult in the small two-door vehicle without her noticing. O.P. also testified that he did not give directions to Longee via hand signals.

Perhaps most problematic was that Longee was unable to provide a reasonable explanation for why O.P. would turn the guns over to the police, claiming they were Longee's, instead of selling them or otherwise disposing of them in a way that would not draw law enforcement attention to him. Longee also could not explain why the roommate would lie about why Longee had contacted him. Longee presented no evidence indicating a motive for O.P. or the roommate to want to set Longee up, and neither O.P. nor the roommate had pending criminal charges at the time, eliminating any motive to lie to gain the state's favor.[2]

---

[2] All Longee provided were his speculations that O.P. was motivated by a desire to keep his girlfriend from finding out that the guns were actually his and that O.P. and the roommate had coordinated their stories to set Longee up as a "scapegoat" in case anything went wrong.

Because Longee's explanation of events was so implausible, and because the state presented abundant evidence of his guilt, we are convinced that there is not a reasonable probability that Instruction 11, even if erroneous, affected the outcome of the trial proceedings. Thus, Longee's claim of fundamental error fails under the third prong of *Perry*.

## B.        Sufficiency of the Evidence

Longee next argues that his conviction for being a persistent violator under I.C. § 19-2514[3] was not supported by sufficient evidence. Specifically, he asserts that the state failed to demonstrate the two prior judgments of conviction should not be subject to the general rule that convictions entered on the same day count as a single conviction for establishing a defendant's persistent violator status. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Generally, convictions entered the same day or charged in the same information count as a single conviction for establishing a defendant's persistent violator status. *State v. Brandt*, 110 Idaho 341, 344, 715 P.2d 1011, 1014 (Ct. App. 1986). This rule not only allows the defendant an opportunity to rehabilitate between convictions, but also assures that the first-time offender, who commits multiple felonies during the same course of events, will be warned about the

---

[3]        Idaho Code Section 19-2514 provides:

Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

5

enhanced consequences of persistent criminal conduct. *State v. Clark*, 132 Idaho 337, 339, 971 P.2d 1161, 1163 (Ct. App. 1998); *Brandt*, 110 Idaho at 344, 715 P.2d at 1014. However, the nature of the convictions in any given situation must be examined to make certain that the general rule is appropriate. *Brandt*, 110 Idaho at 344, 715 P.2d at 1014.

In *Brandt*, we concluded that the defendant's situation did not fit within the general rule. The defendant had escaped from jail while awaiting sentencing for three felonies to which he had pled guilty. He was recaptured and a jury found him guilty of escape, injury to jail property, assault, and robbery. The jury also found that he was a persistent violator based on the three prior felonies for which he was awaiting sentencing. The three prior offenses in *Brandt* were charged in three separate informations and each charge represented a separate crime, which occurred in a separate location with a separate victim during two separate days. The judgments of conviction and sentences were imposed the same day because a plea agreement was reached. As part of the plea agreement, the defendant negotiated to have a persistent violator charge dismissed. Thus, not only were the defendant's felonies separate criminal transactions, he also had explicit notice that further felonies could result in a persistent violator sentence enhancement.

Conversely, in *Clark*, the three prior felonies forming the basis for the persistent violator enhancement in the same information were charged on the same day. The state did not call any witnesses to testify regarding the circumstances involved in the prior felonies. There was no evidence presented that time elapsed between the crimes, and there was no evidence presented that the crimes were committed in different locations. The only distinguishing fact that could be gathered from the amended information was that the defendant committed the crimes against different victims. This Court determined that the evidence failed to show that the incidents were separate criminal transactions and applied the general rule from *Brandt*. *Clark*, 132 Idaho at 340, 971 P.2d at 1164.

The evidence here is similarly lacking. The only evidence presented of Longee's prior felony convictions was through the two certified copies of the judgments of conviction. Although the judgments were separate, under different case numbers and presumably resulted from different charging instruments, Longee pled guilty to both on the same day and the convictions for both were entered on the same day, indicating that the general rule in *Brandt* applies. And just as in *Clark*, the state failed to present evidence sufficient to rebut this

6

presumption and warrant application of the exception to that general rule. The judgments of conviction contained no distinguishing information and the state presented no testimony or other documentary evidence indicating that the two crimes were committed on different days, in different locations, or against different victims. Additionally, the record does not indicate that Longee had previously been advised or had reason to know upon pleading guilty in those cases that he would be subject to the penalties of the persistent violator statute for a subsequent felony conviction. Thus, the state failed to provide sufficient evidence upon which a reasonable trier of fact could conclude that Longee had previously been convicted of two or more distinct felonies.[4]

## III.

## CONCLUSION

Because the state presented abundant evidence of Longee's guilt and his story explaining that evidence was too implausible for a reasonable jury to believe, Longee did not show a reasonable probability that the district court's allegedly erroneous jury instruction affected the outcome of his trial. However, the evidence of Longee's two prior felony convictions was insufficient to support the finding that he is a persistent violator. Accordingly, we affirm

---

[4] The state argues that Longee's challenge to the persistent violator conviction should fail because he has not raised a challenge to the district court's decision, as a matter of law, to submit the persistent violator charge to the jury. Neither this Court nor the Idaho Supreme Court has explicitly stated that the *Brandt* analysis is a question of law to be determined by the trial court, but cases have usually framed it in that way. *See State v. Self*, 139 Idaho 718, 725, 85 P.3d 1117, 1124 (Ct. App. 2003) (holding that district court did not err in denying defendant's motion to withdraw his plea on the issue of whether his felonies should be considered one conviction for purposes of the persistent violator statute); *State v. Harrington*, 133 Idaho 563, 566, 990 P.2d 144, 147 (Ct. App. 1999) (upholding district court's decision to treat the defendant's two out-of-state convictions as one for the purpose of the persistent violator enhancement); *Brandt*, 110 Idaho at 344, 715 P.2d at 1014 (determining that the charge of persistent violator was proper after treating it as a question of law). *But see Clark*, 132 Idaho at 340, 971 P.2d at 1164 (holding that district court erred in submitting the persistent violator issue to the jury, but discussing sufficiency of the evidence). There appears to be no case law indicating that the state is required to prove to the jury beyond a reasonable doubt that prior convictions entered on the same day should be treated as separate convictions under *Brandt*. Thus, it seems that whether convictions for two felonies entered on the same day should be treated as one conviction under *Brandt* is not a question for the jury based on the evidence presented, but a determination for the trial court to make. However, we conclude that an appeal challenging the sufficiency of the evidence in these circumstances is permissible because, at bottom, the issue is one of sufficiency of the evidence to prove that Longee had been convicted of multiple prior felonies under the *Brandt* standard. *See Clark*, 132 Idaho at 340, 971 P.2d at 1164.

Longee's judgment of conviction for grand theft by possession of stolen property, unlawful possession of a firearm, and solicitation of grand theft by disposing of stolen property. However, we vacate Longee's sentence and remand for resentencing without consideration of the persistent violator enhancement.

Judge LANSING and Judge GRATTON, **CONCUR.**