715 P.2d 1011

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Alan BRANDT, Defendant-Appellant.**

No. 15887.

Court of Appeals of Idaho.

March 4, 1986.

John A. Bradley, Burley, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Alan Brandt escaped from the Cassia County Jail on July 15, 1984, while awaiting sentencing for three felonies to which he had earlier pled guilty. Brandt was recaptured the same day. As a result of the escape, Brandt was convicted by a jury of escape, injury to jail property, assault, and robbery. The jury also found that

Brandt was a persistent violator since he had been previously convicted of the three felonies on which he was awaiting sentencing. Based upon his status as a persistent violator, Brandt was sentenced to twenty years for the escape. He also received sentences of two years for injury to jail property, ninety days for assault and ten years for robbery. The sentences for escape, jail injury, and assault were to be served concurrently. The robbery sentence was to be served consecutive to the twenty-year sentence for escape. Further, the court ordered that all of these sentences were to be consecutive to the ones imposed for the three felonies for which Brandt was waiting to be sentenced when he escaped.

On appeal, Brandt raises three issues. First, he contends that the persistent violator charge was improper because the three previous felony convictions had been entered in a single proceeding all on the same day. He urges that those three convictions should be treated as a single conviction, precluding application of the persistent violator statute. Second, he asserts that he was denied effective assistance of counsel because his attorney failed to question whether the three convictions should be treated as one. Finally, Brandt argues that the sentences imposed by the trial court were unduly harsh and excessive. We affirm.

Brandt's persistent violator issue necessitates a brief review of the three felony convictions for which Brandt was being held in jail when he escaped.

### Case No. 1893 [1]

This conviction was for grand theft resulting from the burglary of a residence in Burley, Idaho, on or about February 19, 1984. Brandt pled guilty to this charge on June 14, 1984, pursuant to a plea bargain agreement in which two other counts were dropped. On September 14, 1984, the district judge signed a judgment of conviction

and sentenced Brandt to an indeterminate term of twelve years.

### Case No. 1902

This conviction was for grand theft by disposing of stolen property resulting from the burglary of a second residence in Burley, Idaho, on or about January 19, 1984. Brandt pled guilty to this charge on June 14, 1984. The district judge entered a judgment of conviction and sentenced Brandt to an indeterminate term of twelve years on September 14, 1984. This sentence was to be served concurrently with the sentence in case no. 1893.

### Case No. 1905 ·

This conviction was for second degree burglary involving a third residence in Burley, Idaho, on January 19, 1984. Brandt also pled guilty to this charge on June 14, 1984. The district judge, as in cases number 1893 and 1902, entered judgment of conviction and sentenced Brandt on September 14, 1984. The sentence in this case was an indeterminate five years to be served concurrently with the sentences in the other two cases.

Summarizing the three cases, it could be seen that each was the result of a separate crime. The burglaries occurred at three separate homes during a two-month period. Each charge was the result of a separate information filed on a different day. Brandt pled guilty to all of the charges on June 14, 1984, and was sentenced on all the charges on September 14, 1984. Between his pleas and the sentencings Brandt escaped from jail, was recaptured, and was charged with the crimes that are the basis of this appeal. Notably, at the time Brandt was charged with being a persistent violator in the present case, he had pled guilty to the previous felonies but no judgment had been entered nor had he been sentenced. With this background, we turn to Brandt's issues on appeal.

---

1. The case numbers correspond to the Cassia County District Court Docket Number. Brandt separately appealed the disposition of these three cases. The only issue raised on those appeals related to the alleged excessiveness of his sentences. The Court of Appeals on November 27, 1985, held that the sentences were not excessive. Accordingly, the judgments of conviction were affirmed. That appeal is reported at 109 Idaho 728, 710 P.2d 638 (Ct.App.1985).

I

In his first issue on appeal, Brandt contends the persistent violator charge was improper because the three prior felony convictions on which it was based were entered all on the same day. Brandt argues that the three convictions should be treated as one conviction. I.C. § 19–2514 provides:

Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

The majority of jurisdictions do not permit multiple convictions entered the same day or charged in the same information to be used to establish a defendant's status as a habitual offender, reasoning that a defendant should be entitled to an opportunity to reform himself between convictions or that the persistent violator statute seeks to warn first time offenders. *See* Annot., 24 A.L.R.2d 1247 (1952). However, other courts do not have such prohibitions. *See, e.g., Cox v. State*, 255 Ark. 204, 499 S.W.2d 630 (Ark.1973); *State v. Williams*, 226 La. 862, 77 So.2d 515 (La.1955). Generally, we agree with the majority that convictions entered the same day or charged in the same information should count as a single conviction for purposes of establishing habitual offender status. However, the nature of the convictions in any given situation must be examined to make certain that the general rule is appropriate. When thus examined, Brandt's situation distinguishes itself from that general rule. The three offenses here were charged in three separate informations and each charge represented a separate crime occurring in a separate location with a separate victim. One of the crimes took place in February, 1984, and the other two crimes in January, 1984. The judgments and sentences were imposed the same day because of a plea bar-gain agreement that resulted in some charges being dismissed. One of the charges dropped happened to be a persistent violator charge. Since he had negotiated a dismissal of the first persistent violator charge, Brandt could hardly argue that he was not aware of the nature of such a charge or that he had not been warned of the consequences of repetitive criminal conduct. The purpose of our persistent violator statute is to punish repeat offenders by making their sentences for successive crimes more harsh. *See State v. Greensweig*, 102 Idaho 794, 641 P.2d 340 (Ct.App. 1982). We conclude that Brandt fits well within the scope of I.C. § 19–2514. Accordingly, we hold that there was no error in finding Brandt to be a persistent violator, subject to the penalties established for criminals of that status.

Brandt's assertion of error also touches upon a point not specifically addressed by him, but nevertheless pertinent to the facts of his case. As noted, Brandt had pled guilty to the three felonies, but a judgment had not yet been entered against him nor had he been sentenced when he was subsequently charged as a persistent violator in respect to the escape incident. Thus, the question arises whether Brandt had been "convicted" of the felonies as required by I.C. § 19–2514. Specifically, were Brandt's pleas sufficient to establish convictions or does the statute require the formal entry of a judgment and sentence? Our conclusion is that the accepted pleas of guilty established convictions as required by the statute.

The Idaho Supreme Court in *State v. O'Dell*, 71 Idaho 64, 225 P.2d 1020 (1950), pointed out that "conviction" may encompass two concepts. It could represent a particular phase of a criminal case in which guilt is determined, either by admission or by jury verdict. Alternatively, it could be viewed as the final conclusion of the prosecution, including the entry of a judgment and the imposition of a sentence. *See also State v. Knight*, 106 Idaho 496, 681 P.2d 6 (Ct.App.1984). Idaho case law has been less than clear on which concept is appro-

priate. Rather than restrict themselves to one of the two concepts, the courts have tended to apply the concepts in an ad hoc manner depending on the statute or law being considered. For instance, under I.C. § 9–1209, dealing with impeachment use of felony convictions, the Supreme Court recognized that when a withheld judgment has been granted and the court has not adjudged a defendant's guilt, there has been no conviction.[2] *State v. Cliett,* 96 Idaho 646, 534 P.2d 476 (1975). The court noted that adjudicating guilt would have negated the purpose of granting a withheld judgment in the first place. *Id.* In *State v. Chauncey,* 97 Idaho 756, 554 P.2d 934 (1976) the court determined that for purposes of I.C. § 18–308, dealing with the judge's authority to order consecutive sentences, conviction occurs when a guilty plea is made and the court accepts that plea. In *State v. Wagenius,* 99 Idaho 273, 278, 581 P.2d 319, 324 (1978), another niche was carved out by a conclusion that, for purposes of I.C. § 19–101, which requires a conviction in a court having jurisdiction before punishment can be imposed, a conviction results when "a verdict or plea of guilty is accepted by the court." Language in *State v. O'Dell,* 71 Idaho at 69, 225 P.2d at 1025, says "when the court, pursuant to plea of guilty or verdict of a jury, adjudges the defendant guilty of burglary, he has been convicted of a felony within the meaning of Sec. 19–2514, I.C."

Brandt's situation is unique as there was an intervening act between his conviction and sentencing. As noted, the purpose of Idaho's persistent violator statute is to enhance punishment for repeat offenders. A similar purpose underlies a judge's decision whether to impose the harsher penalty of consecutive sentences under I.C. § 18–308. Under § 18–308, a defendant previously convicted of two or more crimes faces the reality that he may receive consecutive, as opposed to concurrent, sentences for his repetitive criminal endeavors.

Our Supreme Court in *Chauncey, supra,* noted that "Generally, 'judgment' and 'sentence' follow 'conviction' as separate and distinct aspects of criminal process." 97 Idaho at 757, 554 P.2d at 935. We find the reasoning in *Chauncey* to be equally applicable here. We conclude that for purposes of § 19–2514, a conviction occurs when a defendant pleads guilty and the plea is accepted by the court. Thus, in essence, a previous felony conviction under § 19–2514 arises upon a determination of guilt, whether it be by a defendant's own admission or as a result of a jury verdict. By pleading guilty the defendant is admitting to the truthfulness of the charges against him. He is, in fact, creating his own track record. Once the defendant has admitted to his alleged activities, there is no purpose served by delaying recognition of the defendant's previous crimes for purposes of § 19–2514. We recognize the need for a clearly distinguishable point at which a defendant can be said to have been convicted of a felony for purposes of § 19–2514. In light of the purposes of the persistent violator statute, we think that point is identified by our holding in this case.

II

Brandt next asserts that he was denied effective assistance of counsel because his attorney did not challenge the use of the three prior felonies to establish his status as a persistent violator. Our holding on Brandt's first issue removes any need to address this assertion. If it was permissible to use the three convictions, it can hardly be argued that there was error in not challenging that use.

III

Finally, Brandt contends his sentences were harsh and excessive, amounting to an abuse of discretion. He argues against the imposition of consecutive sentences, and also urges that being labeled a "persistent

---

2. Idaho Code § 9–1209 was repealed in 1975. 1975 Idaho Sess. Laws ch. 242, § 1, p. 651. For present rule see I.R.E. 609.

violator" at sentencing was unduly prejudicial to him.

We have concluded that Brandt did fall within the bounds of the persistent violator statute. Therefore, rather than any error, the sentencing judge had a truthful picture of Brandt at sentencing and no error was involved.

As to the imposition of consecutive sentences, we first note that consecutive versus concurrent sentencing is discretionary with the trial judge. *State v. Dunnagan*, 101 Idaho 125, 609 P.2d 657 (1980). A sentence within the statutory maximum will not be disturbed on appeal, absent an affirmative showing of an abuse of discretion. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). As noted, Brandt received the following indeterminate sentences: twenty years for escape,[3] two years for injury to jail property, ninety days for assault and ten years for robbery. Although the sentences for escape, jail injury and assault were ordered to be served concurrently, the robbery sentence was imposed as a consecutive sentence. Furthermore, the court ordered that all of these sentences be served consecutively to the three felony convictions (cases no. 1893, 1902 and 1905) for which Brandt was awaiting sentencing when he escaped. All the sentences imposed on Brandt were within the statutory maximums for those crimes.

I.C. § 18–2505 provides that if a prisoner escapes from custody while charged with or convicted of a felony, any sentence for the escape must be consecutive to the sentence imposed for the underlying felony. *State v. Mendenhall*, 106 Idaho 388, 679 P.2d 665 (Ct.App.1984). Therefore, the sentencing judge was required by statute to impose a consecutive sentence for the escape. As to the remainder of the sentences, we note that only the robbery sentence was imposed consecutively.

The nature of the present charges against Brandt have been previously indicated. His presentence report indicates a long history of trouble with the law, primarily involving theft crimes. He has apparently escaped from detention four times in the past. The report indicated that Brandt is a habitual criminal who has abused past parole opportunities. The report concludes that "if any rehabilitation is to occur, it will have to take place in only highly structured conditions over a substantial period of time." Also, the report indicates that Brandt is too sophisticated a criminal to be adequately monitored by law enforcement or parole services and is too significant a risk to remain at large in the public.

Having reviewed the sentences under the standards described in *Toohill*, we find no abuse of sentencing discretion. The judgments of conviction and sentences are affirmed.

BURNETT and SWANSTROM, JJ., concur.

---

3. We note that the trial court imposed Brandt's sentence for escape in two segments—five years for the escape itself and an enhancement of fifteen years for being a persistent violator. However, the judge then combined the two segments to arrive at an aggregate twenty-year period imposed as a sentence for the escape. Because the court ultimately imposed a single sentence for the escape, there is no reversible error under the case law. *See, e.g., Lopez v. State*, 108 Idaho 394, 700 P.2d 16 (1985); *State v. Pierce*, 107 Idaho 96, 685 P.2d 837 (Ct.App.1984). However, the better practice under I.C. § 19–2514, which simply increases the potential penalty for the underlying felony, would be to recite the conviction of the felony and the adjudication of persistent violator status, and then to impose a single term, *e.g.*, twenty years (in this case).