**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40503**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2014 Opinion No. 13** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: February 20, 2014** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| PIERRE J. SAVIERS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

Judgment of conviction for felony violation of a no-contact order, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Pierre J. Saviers appeals from his judgment of conviction for violation of a no-contact order. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Saviers was the subject of a no-contact order issued in favor of his soon-to-be ex-wife following an incident involving malicious injury to the ex-wife's property. In two different cases, Savier was charged with violating the no-contact order--once on June 21, 2011, and again on July 7, 2011. Saviers was arrested and arraigned on the misdemeanor charges on separate days and the charges were prosecuted as different cases. However, he pled guilty and was sentenced for both charges on the same day.

Saviers was again charged with violating the no-contact order in January 2012. The state charged the third no-contact violation as a felony based on the two prior convictions within five

1

years.  I.C. § 18-920(3).  Pursuant to a plea agreement, Saviers pled guilty to the violation of the no-contact order, but requested a bench trial on the felony enhancement.  At the trial, Saviers argued that he could not be guilty of a felony because he had pled guilty to the two misdemeanor convictions on the same day.  He asserted that this Court's case law treating multiple convictions entered on the same day as one conviction under the persistent violator statute should apply to felony enhancement under the no-contact order statute.  The district court rejected this argument, finding that the policies underlying the two statutes are different.  It stated that, although the policy underlying the persistent violator statute favors rehabilitation between convictions, the policy underlying misdemeanor enhancement statutes--including the no-contact order, driving under the influence, and domestic violence statutes--was toward harsher punishment for repeated violations of those statutes, especially if the violations occur close in time.  The district court sentenced Saviers to a unified term of five years, with a minimum period of confinement of three years; suspended the sentence; and placed Saviers on probation for five years.  Saviers appeals.

## II.

## ANALYSIS

Saviers argues that the district court erred when it determined that his two prior convictions for violating a no-contact order, which he pled guilty to and was sentenced for on the same day, could not be considered one conviction for purposes of the felony enhancement provided for in I.C. § 18-920(3).  Saviers asserts that this Court's analysis and holding in *State v. Brandt*, 110 Idaho 341, 715 P.2d 1011 (Ct. App. 1986) should apply.  There, we analyzed how multiple felony convictions entered on the same day or charged in the same information should be treated for purposes of the persistent violator statute, I.C. § 19-2514.[1]  We held that such multiple convictions generally count as only one conviction for purposes of establishing a defendant's persistent violator status.  *Brandt*, 110 Idaho at 344, 715 P.2d at 1014.  This rule not

---

[1]    Idaho Code Section 19-2514 provides:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

only allows the defendant an opportunity to rehabilitate between convictions, but also assures that the first-time offender, who commits multiple felonies during the same course of events, will be warned about the enhanced consequences of persistent criminal conduct. *State v. Clark*, 132 Idaho 337, 339, 971 P.2d 1161, 1163 (Ct. App. 1998); *Brandt*, 110 Idaho at 344, 715 P.2d at 1014. However, the nature of the convictions in any given situation must be examined to make certain that the general rule is appropriate. *Brandt*, 110 Idaho at 344, 715 P.2d at 1014 (holding that the general rule did not apply when different crimes charged in separate informations were committed in separate locations against different victims on different days).

Saviers's argument is ultimately one of statutory interpretation, as we cannot simply extend *Brandt* to put a judicial gloss on I.C. § 18-920(3) that is not supported by the language of the statute. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Idaho Code Section 18-920(3) has not been interpreted in any previously-reported Idaho case. It provides, in pertinent part:

> Any person who pleads guilty to or is found guilty of a violation of this section who previously has pled guilty to or been found guilty of two (2) violations of this section, or of any substantially conforming foreign criminal violation or any combination thereof, notwithstanding the form of the judgment or withheld judgment, within five (5) years of the first conviction, shall be guilty of a felony and shall be punished by imprisonment in the state prison for a term not to exceed five (5) years or by a fine not to exceed five thousand dollars ($5,000), or by both fine and imprisonment.

In this case, there has been no contention or finding that I.C. § 18-920(3) is ambiguous. We agree and look to the plain language of the statute to determine the legislative intent that is clearly expressed through that facial language. *State v. Palmer*, 138 Idaho 931, 940, 71 P.3d 1078, 1087 (Ct. App. 2003).

3

Saviers contends that the policy considerations underlying our decision in *Brandt*--that a defendant should be warned about enhanced consequences for further criminal conduct and afforded an opportunity to rehabilitate between convictions--apply equally to enhancements under I.C. § 18-920(3). We disagree. The plain language of I.C. § 18-920(3) indicates a legislative intent that is markedly different than I.C. § 19-2514. The persistent violator statute favors rehabilitation between occurrences of criminal conduct, providing a defendant the opportunity to reform his or her conduct in light of enhanced penalties. *State v. Harrington*, 133 Idaho 563, 565, 990 P.2d 144, 146 (Ct. App. 1999). As a result, multiple felonies committed on the same day or in the same course of conduct generally do not result in a persistent violator finding. *Id.* This is true, in part, because the enhanced penalty for being a persistent violator allows for a sentencing range of five years to life imprisonment. *See* I.C. § 19-2514. Such a serious consequence is disfavored in the law absent a showing of repeated tendency to commit felonies even after an opportunity to reform. Moreover, it is contrary to these rehabilitative considerations and fundamental fairness to allow a first-time offender to meet the required number of felony convictions and face potential life in prison as the result of a single criminal occurrence or course of conduct. *See Harrington*, 133 Idaho at 565, 990 P.2d at 146.

Conversely, the plain language of I.C. § 18-920(3) shows a different legislative intent. Instead of allowing for rehabilitation between offenses, this statute shows an intent to punish repetitive misdemeanor violations determined by the legislature to be particularly harmful, regardless of how little time lapses in between violations.[2] Indeed, Section 18-920(3) includes a timeframe (five years) in which the repeated violations must occur for the enhanced penalties to apply, indicating a policy of more harshly punishing repeated violations *especially* if they are close in time. This difference in purpose corresponds to the difference in punishment, as a third violation of a no-contact order in five years enhances the charge from a misdemeanor to a felony and allows for a maximum penalty of imprisonment for five years, a fine of $5,000, or both. Under the plain language of I.C. § 18-920(3), life imprisonment is not an option, so the considerations of notice and rehabilitation discussed in *Brandt* as being applicable to

---

[2]     *See also* I.C. §§ 18-8005(4), (6) (enhancement of a third violation of the driving under the influence statute within ten years to a felony); I.C. § 18-918(3)(c) (enhancement of a third violation of the domestic violence statute within fifteen years to a felony).

I.C. § 19-2514 do not apply to I.C. § 18-920(3). Additionally, the statute only applies to repeated violations of no-contact orders, unlike the persistent violator statute, which applies to repeat felony convictions, whatever the crime. This eliminates any considerations of difference in crime and indicates a policy of more harshly punishing repeated no-contact order violations, which are usually committed against the same victim. Thus, under the plain language of the statute, whether the prior violations were committed close in time or against the same victim or whether the judgments of conviction were entered on the same day, is irrelevant as long as there are two separate prior convictions within five years.[3] As a result, the district court did not err in declining to extend our holding in *Brandt* to cover I.C. § 18-920(3).

### III.

### CONCLUSION

The plain language of I.C. § 18-920(3) indicates a legislative intent to more harshly punish third violations of a no-contact order committed within the statutory timeframe of five years. Neither the text of the statute nor its underlying policy support extending our holding in *Brandt* to apply in this case. Accordingly, we affirm Saviers's judgment of conviction for felony violation of a no-contact order.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

---

[3] We note that Saviers did not allege that the prior violations occurred on the same day or were charged in the same information. Accordingly, we limit our holding to situations where the judgments of conviction for violations occurring on different days are entered the same day.

5