**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43213**

| | |
|---|---|
| **STATE OF IDAHO,** | ) 2016 Opinion No. 21 |
| | ) |
| **Plaintiff-Respondent,** | ) Filed: March 14, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| **SONNY CHARLES ROME,** | ) |
| | ) |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction, affirmed.

John M. Adams, Kootenai County Public Defender; Jay W. Logsdon, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

———————————————————————

GUTIERREZ, Judge

Sonny Charles Rome appeals from his judgment of conviction for aiding and abetting a burglary. Specifically, Rome argues the district court erred in denying his motion to dismiss the charge because Idaho's burglary statute violates the Constitution. Rome additionally contends the district court erred in denying his motion for acquittal because the persistent violator enhancement statute does not apply to him. For the reasons explained below, we affirm the judgment of conviction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Rome with burglary after he agreed to aid and abet another in the commission of a burglary by driving a vehicle to an area to facilitate a store theft. The State later amended the charge to aiding and abetting in the commission of burglary. Rome moved to

1

dismiss the amended charge, arguing that Idaho's burglary statute is unconstitutional both on its face and as applied to his case on equal protection and First Amendment grounds. The district court denied the motion to dismiss. It reasoned that the burglary statute does not create a classification, and the statute has a rational basis. The district court also determined that the statute does not punish speech or conduct alone.

The State amended the information to add a persistent violator enhancement because Rome had four prior felonies. A jury found Rome guilty of burglary and found that he was convicted of prior felonies. Rome moved for acquittal, contending that the persistent violator enhancement statute does not apply to him because his prior felonies were related. The district court denied the motion.

During Rome's sentencing hearing for aiding and abetting a burglary and persistent violator status, the district court sentenced Rome to twelve years, with four years determinate. Rome appeals from the judgment of conviction.[1]

## II.

## ANALYSIS

Rome argues the district court erred in denying his motion to dismiss because Idaho's burglary statute, Idaho Code § 18-1401, violates both the Idaho and United States Constitutions in several respects. Where the constitutionality of a statute is challenged, we review the district court's decision de novo. *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998); *State v. Martin*, 148 Idaho 31, 34, 218 P.3d 10, 13 (Ct. App. 2009). The party attacking a statute on constitutional grounds bears the burden of proof and must overcome a strong presumption of validity. *State v. Korsen*, 138 Idaho 706, 711, 69 P.3d 126, 131 (2003), *abrogated on other grounds by Evans v. Michigan*, ___ U.S. ___, 133 S. Ct. 1069 (2013); *State v. Cook*, 146 Idaho 261, 262, 192 P.3d 1085, 1086 (Ct. App. 2008). Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality. *State v. Manzanares*, 152 Idaho 410, 418, 272 P.3d 382, 390 (2012); *Martin*, 148 Idaho at 34, 218 P.3d at 13.

---

[1] In several instances throughout the record, Rome's charge and conviction is referred to as "burglary," rather than "aiding and abetting burglary." This is because the law makes no distinction between a person who directly participates in the act constituting a crime and a person who aids another to commit a crime. *State v. Adamcik*, 152 Idaho 445, 465-66, 272 P.3d 417, 437-38 (2012). All such participants are considered principals in the commission of the crime. *Id.* at 462-63, 272 P.3d at 434-35.

Additionally, Rome argues the district court erred in denying his motion for acquittal when it determined that he fell within the bounds of the persistent violator enhancement statute. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

## A.     Equal Protection

Rome first maintains that I.C. § 18-1401 is unconstitutional under the Equal Protection Clause of both the Idaho and United States Constitutions. Specifically, Rome contends the statute is unconstitutional as applied to him because it "irrationally punishes those who form the intent to steal and then enter an enclosed space far more harshly than those who do so without entering a space." "To prove a statute is unconstitutional 'as applied,' the party challenging the constitutionality of the statute must demonstrate that the statute, as applied to the defendant's conduct, is unconstitutional." *Manzanares*, 152 Idaho at 426, 272 P.3d at 398 (quoting *State v. Cook*, 146 Idaho 261, 262, 192 P.3d 1085, 1086 (Ct. App. 2008)).

Rome does not argue the Idaho Constitution affords greater protection, so this Court follows the Equal Protection analysis pursuant to the United States Constitution. The principle underlying the Equal Protection Clause of both constitutions is that all persons in like circumstances should receive the same benefits and burdens of the law. *State v. Hansen*, 125 Idaho 927, 933, 877 P.2d 898, 904 (1994); *State v. Jones*, 140 Idaho 41, 51, 89 P.3d 881, 891 (Ct. App. 2003). "Equal protection issues focus on classifications within statutory schemes that allocate benefits or burdens differently among the categories of persons affected." *State v. Breed*, 111 Idaho 497, 500, 725 P.2d 202, 205 (Ct. App. 1986). In any equal protection analysis, the court must: first, identify the classification that is being challenged; second, articulate the standard under which the classification will be tested; and third, determine whether the standard has been satisfied. *Id.* at 500, 725 P.2d at 205.

3

Accordingly, in order for Rome to prevail, he is required to show that he, by virtue of some classification, was treated differently than a person who does not share that classification. However, I.C. § 18-1401 does not create a classification. The statute applies to "every person" who enters a building with the intent to commit any theft or felony. *See State v. Hamlin*, 156 Idaho 307, 316, 324 P.3d 1006, 1015 (Ct. App. 2014) (holding that a statute applied to "any person" who sexually abused and exploited a vulnerable adult and did not treat the defendant differently on account of any classification). It is true, as Rome points out, that Idaho law differentiates between those who intend "a theft at the moment they enter an enclosed structure, even though no trespass occurs, from those who intend a theft one moment after trespassing within, or who intend prior to entry, decide against the theft, but after entering, change their mind again." But these two types of thieves are not similarly situated people simply because they both steal. The former would be prosecuted for burglary, whereas the latter would be prosecuted for theft or trespass. Additionally, Idaho law differentiates between those who form the intent to steal and then enter an enclosed space from those who do so without entering a space. However, again, these two types of thieves are not similarly situated--one steals outside in the open while the other steals, or intends to steal, from within a vehicle or building. Idaho Code § 18-1401 does not treat all thieves differently. Rather, the larceny and theft statutes address different degrees of theft, and I.C. § 18-1401 applies to every person who enters an enumerated place, such as a vehicle or building, with intent to commit any theft or felony.

Moreover, in *State v. Rawlings*, 159 Idaho 498, 501, 363 P.3d 339, 342 (2015), the Idaho Supreme Court rejected an equal protection challenge against I.C. § 18-1401. There, the defendant argued he was denied equal protection of the law because I.C. § 18-1401 criminalized his conduct in entering a store during business hours with the intent to steal, but the statute does not criminalize the conduct of someone who walks around outdoors with the hope of discovering property to steal. *Rawlings*, 159 Idaho at 501, 363 P.3d at 342. The Court held: "The persons in these two classifications are not in like circumstances." *Id.*

We note that Idaho's burglary statute enacted in 1864 would not have criminalized Rome's conduct because it applied only to nighttime entry. Over time, the statute's scope was broadened to apply to entries into stores during business hours. "Considering that shoplifting results in an increased cost of goods to consumers, there is a legitimate interest in discouraging shoplifting from retail stores." *Rawlings*, 159 Idaho at 502, 363 P.3d at 343. Furthermore, "[w]e

4

must apply the statute as written. If the statute is unwise, the power to correct it resides with the legislature, not the judiciary." *Id.* (internal citation and quotation marks omitted).

In sum, Rome is unable to get past the first step of the equal protection analysis. Thus, his equal protection challenge fails.

**B.      First Amendment**

Rome further argues that Idaho's burglary statute violates the First Amendment to the United States Constitution because the crime defined is a thought crime and the statute chills protected speech. "As a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *United States v. Alvarez*, ___ U.S. ___, ___, 132 S. Ct. 2537, 2543 (2012). Idaho Code § 18-1401, however, does not restrict speech. The statute instead restricts people from performing an act--entering a building or vehicle--with the intent to commit a theft or felony. Restricting criminal intent, when combined with the performance of an act, does not necessarily implicate the First Amendment. *See State v. McDougall*, 113 Idaho 900, 902, 749 P.2d 1025, 1027 (Ct. App. 1988) ("In every crime or public offense there still must exist either a union of act and intent, or criminal negligence."). As the Idaho Supreme Court recently noted, the First Amendment "does not prohibit defining a crime to include as an element that the defendant have a specific intent. Making it a crime to perform an act with a specific intent does not constitute a thought crime." *Rawlings*, 159 Idaho at 502, 363 P.3d at 343 (citation omitted). Accordingly, the Court rejected a First Amendment challenge to Idaho's burglary statute. *Id.* at 502-03, 363 P.3d at 343-44. Here, too, Rome's First Amendment argument fails.

**C.      Cruel and Unusual Punishment**

Rome set forth an issue in his appellate brief regarding cruel and unusual punishment, but did not provide argument or authority on the issue. When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (Ct. App. 1996). Accordingly, this issue is waived on appeal.

**D.      Persistent Violator Enhancement**

Lastly, Rome contends the district court erred in denying his motion for acquittal. Specifically, he argues the persistent violator enhancement does not apply to him because he never had the opportunity to rehabilitate between his prior felony convictions, since judgments on the prior convictions were entered on the same day. The State maintains that Idaho's

persistent violator statute, Idaho Code § 19-2514, applies to Rome because he has been convicted of four prior felonies. Idaho Code § 19-2514 reads:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

In support of his argument, Rome cites to *State v. Brandt*, 110 Idaho 341, 344, 715 P.2d 1011, 1014 (Ct. App. 1986), where we held that "we agree with the majority of jurisdictions that convictions entered the same day or charged in the same information should count as a single conviction for purposes of establishing habitual offender status." The majority of jurisdictions reasoned that "a defendant should be entitled to an opportunity to reform himself between convictions or that the persistent violator statute seeks to warn first time offenders." *Id.* We also noted, however, that "the nature of the convictions in any given situation must be examined to make certain that the general rule is appropriate." *Id.* We ultimately determined that the general rule did not apply to the defendant in *Brandt* because his three offenses were separate crimes on separate informations, his offenses were set forth in three separate charges occurring in separate locations, and each offense had separate victims. *Id.* The judgments and sentences were imposed on the same day only because a plea bargain agreement resulted in some charges being dismissed. *Id.* Therefore, the convictions were treated as multiple felonies and the habitual offender status was proper. *Id.*

We held the same in *State v. Smith*, 116 Idaho 553, 777 P.2d 1226 (Ct. App. 1989). There, the defendant was convicted of separate crimes perpetrated on separate victims. *Id.* at 560, 777 P.2d at 1233. We concluded that because the convictions were distinguishable incidents of criminal conduct, it was permissible to treat the convictions as evidence of multiple prior felonies. *Id.*

Conversely, convictions that are separate parts of a common scheme or plan are treated as one prior conviction and therefore avoid persistent offender status. *State v. Harrington*, 133 Idaho 563, 566, 990 P.2d 144, 147 (Ct. App. 1999). In *Harrington*, the defendant was found guilty in Idaho of burglary and malicious injury to property. *Id.* at 564, 990 P.2d at 145. The State sought a persistent violator enhancement, pointing to two prior felony convictions out of Arkansas--criminal conspiracy and burglary. *Id.* The defendant admitted that he conspired to

6

burglarize a grocery store in Arkansas and, in fact, burglarized the store ten days prior. *Id.* at 565, 990 P.2d at 146. The only reason the charges were not included on the same indictment was because the Arkansas prosecutor declined to consolidate the cases. *Id.* at 566, 990 P.2d at 147. Because the two Arkansas convictions were part of a common scheme or plan, we treated the two charges as one prior conviction for purposes of sentencing enhancement. *Id.*

Here, Rome's prior felonies were separate offenses charged on separate informations, and each of the offenses had a different victim. The first felony here is forgery, which occurred on or around February 12, 2007, and the information was filed on September 11, 2007. The victim there was a youth organization. The second felony is a forgery that occurred on or around March 14, 2007, and the information was filed on June 6, 2007. The victims of the second felony were two individuals, M.M. and L.H. Lastly, the third felony was robbery, later amended to assault, that occurred on or around April 14, 2007, and the amended information was filed on January 22, 2008. The victim of the third felony was E.C. The general rule that prior felonies should be treated as one conviction does not apply here because Rome's convictions were distinguishable incidents of criminal conduct and were not separate parts of a common scheme or plan.

Rome further argues that the general rule is a constitutional ban on a sentence enhancement when a defendant has not had the opportunity to reform himself between convictions. He maintains that he lacked the opportunity to reform himself because he was not arrested after the two forgery charges. This argument fails for two reasons. First, Rome fails to cite authority for his proposition that the general rule (prior felonies should be treated as one conviction) is based on due process safeguards. He cites to *State v. Saviers*, 156 Idaho 324, 325 P.3d 665 (Ct. App. 2014) for support, but we never engaged in a due process analysis in *Saviers* or even mentioned due process. Rome contends that our use of the term "fundamental fairness" in the following sentence demonstrates a due process analysis: "[I]t is contrary to these rehabilitative considerations and fundamental fairness to allow a first-time offender to meet the required number of felony convictions and face life in prison as the result of a single criminal occurrence or course of conduct." *Id.* at 326, 325 P.3d at 667. Our use of "fundamental fairness" was strictly within the context of policy considerations, not constitutional principles. *Id.* Second, Rome's prior felony convictions were not a single criminal occurrence or course of

conduct, and he therefore falls outside the general rule. In sum, the district court did not err in denying Rome's motion for acquittal.

### III.

### CONCLUSION

Rome has not established that I.C. § 18-1401 is unconstitutional under equal protection or First Amendment grounds. Moreover, the district court did not err in finding that Rome is within the bounds of the persistent violator enhancement statute because his prior felonies were separate occurrences. We therefore affirm the district court's judgment.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.