**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50145**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 29, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TALON SCOTT CAVANAUGH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier Gabiola, District Judge.

Judgment of conviction and concurrent, unified sentences of thirty-five years, with minimum periods of confinement of fifteen years, for attempting to elude a peace officer in a motor vehicle with a persistent violator enhancement and assault or battery upon certain personnel with a deadly weapon enhancement and a persistent violator enhancement, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Judge

Talon Scott Cavanaugh appeals from his judgment of conviction and concurrent, unified sentences of thirty-five years, with minimum periods of confinement of fifteen years, for attempting to elude a peace officer in a motor vehicle, Idaho Code § 49-1404(2), with a persistent violator enhancement, I.C. § 19-2514, and assault upon certain personnel, I.C. § 18-915(1)(b), with a deadly weapon enhancement, I.C. § 19-2520, and also a persistent violator enhancement, I.C. § 19-2514. Cavanaugh contends that the district court abused its discretion by applying the persistent violator sentencing enhancement to each felony offense contained within one judgment of conviction, in violation of the persistent violator statute and that the district court abused its sentencing discretion when it imposed concurrent sentences of thirty-five years, with fifteen years determinate, for attempting to elude a peace officer and assault upon certain personnel. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Members of the Chubbuck Police Department were advised that Cavanaugh was a suspect in a recent shooting incident in Bonneville County. It was reported that Cavanaugh forced his way into his ex-girlfriend's apartment, pointed a handgun at both his ex-girlfriend and her child, and then fired the handgun above their heads before fleeing the area.

A Chubbuck police sergeant (sergeant) located Cavanaugh's vehicle and attempted to effectuate a traffic stop. The driver of the vehicle, later identified as Cavanaugh, leaned out of the driver's side window, pointed a handgun toward the sergeant, and fired several times. While fleeing, Cavanaugh traveled at speeds of 45 mph in a 25-mph neighborhood zone, and then 100 mph in a 45-mph zone. Eventually, Cavanaugh drove through a barbed wire fence and then a field, until his vehicle became disabled.

At trial, Cavanaugh was found guilty of attempting to elude a peace officer and assault upon a law enforcement officer. The jury's verdict of guilty for assault upon a law enforcement officer required a finding that Cavanaugh committed the offense with a firearm, thus making applicable the deadly weapon sentencing enhancement. At the conclusion of the jury trial, Cavanaugh admitted to being subject to the persistent violator sentencing enhancement. The district court imposed a unified sentence of thirty-five years, with fifteen years determinate, for each count, to be served concurrently. The district court applied the persistent violator enhancement to the sentence of each count.

# II.

## STANDARD OF REVIEW

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of

the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

## III.

## ANALYSIS

Cavanaugh argues that the district court abused its discretion by applying the persistent violator enhancement to two felony offenses in one judgment of conviction. He asserts the plain language of I.C. § 19-2514 only allows the enhancement of one offense in a single judgment of conviction. The State claims that Cavanaugh failed to preserve the issue and that, even if he did, the district court acted well within its sentencing discretion by applying the persistent violator enhancement to each felony offense.

### A.     Preservation of Issue

The State argues that Cavanaugh did not preserve the narrow issue that the district court had violated the plain meaning of I.C. § 19-2514 by applying the persistent violator enhancement to each felony offense in the same judgment of conviction. Cavanaugh argues he preserved the issue by raising the argument in the district court. A party preserves an issue for appeal by properly presenting the issue with argument and authority to the trial court below and noticing it for hearing *or* a party preserves an issue for appeal if the trial court issues an adverse ruling. *State v. Miramontes*, 170 Idaho 920, 924-25, 517 P.3d 849, 853-54 (2022). Argument made by Cavanaugh's attorney at sentencing included:

> I would acknowledge--I think I have to--that this Court has the discretion to sentence on a persistent violator, at least one of--apply it to at least one of the convictions. I don't think there's any question about that. I think from the facts that I could see, based on the conviction, I think you have the legal discretion to apply a weapons enhancement.
>
> Now, I don't--I would argue that for [Cavanaugh's] sake that you don't have the right to apply a persistent violator to the same weapons enhancement

3

conviction, *because of the statute*. The State addressed in their brief that says you could--that the weapons enhancement was not intended to have multiple enhancements applied to the underlying conviction. While I did not find any clear Idaho case that looked at that issue, I would argue that the rule of criminal lenity, you have to read that statute to [Cavanaugh's] favor. And so I think that you are limited to one persistent and one enhancement.

(Emphasis added.)

The phrase "because of the statute," emphasized above, was Cavanaugh's attempt to argue that the district court was limited, by the plain meaning of the statute, to apply the persistent violator enhancement to only one of the two offenses in the judgment of conviction. Although Cavanaugh admitted to not finding any clear authority, he received an adverse ruling when the district court determined it could apply the persistent violator enhancement to both counts and did so at sentencing; thus, he preserved the issue for appellate review.

B.    **Statutory Interpretation--I.C. § 19-2514**

The district court expressly applied the persistent violator enhancement to each of Cavanaugh's sentences.[1] Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight,* 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar,* 134 Idaho at 389, 3 P.3d at 67.

Idaho Code § 19-2514, the persistent violator sentencing enhancement statute, provides:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

Idaho Code § 19-2520 provides that a person convicted of certain listed offenses, including aggravated assault, who displayed or used a firearm or other deadly weapon in the commission of the crime, may be sentenced up to fifteen years more than the maximum sentence otherwise

---

[1]    The district court did not expressly mention the deadly weapon enhancement in its calculation as part of the sentencing.

4

authorized by the underlying offense. Independent of the application of any sentencing enhancement, attempting to elude a peace officer, I.C. § 49-1404, is punishable by up to five years in prison as I.C. § 18-112 provides a five-year maximum sentence where no other punishment is specifically prescribed by statute. Aggravated assault, I.C. § 18-906, is punishable by up to five years in prison, however, the punishment is doubled for an aggravated assault on a law enforcement officer, I.C. § 18-915(1)(b).

The above-mentioned sentencing possibilities are relevant because of the manner the district court sentenced Cavanaugh. The district court sentenced Cavanaugh to thirty-five years, with fifteen years determinate, for each offense. These sentences are each beyond their statutory limits when viewed independently of the persistent violator enhancement.

In his brief, Cavanaugh states:

> The statute's use of a "conviction" and the Court's interpretation of that term establishes the legislature's intent to limit the enhancement's application to one offense in a single conviction. The statute provides that a person "convicted" for their third felony, whether the "previous convictions" were in or out of Idaho, shall be deemed a "persistent violator," and "on such third *conviction* shall be sentenced to a term" not less than five years and up to life. I.C. § 19-2514 (emphasis added).

Cavanaugh points out that a "prior conviction occurs when the defendant pleads guilty or is found guilty of the felony offense. *State v. O'Dell*, 71 Idaho 64, 69[, 225 P.2d 1020, 1022] (1950); *see also State v. Ingraham*, 172 Idaho 30, [40-41,] 528 P.3d 966, 976-77 (2023) . . . ." Cavanaugh further contends that, in counting prior convictions:

> Idaho appellate courts have repeatedly held that multiple felonies committed on the same day, part of a common scheme or plan, or constituting indistinguishable incidents of criminal conduct are treated as one prior conviction. *State v. Rome*, 160 Idaho 40, 44-46[, 368 P.3d 660, 664-66] (Ct. App. 2016) (separate offenses with separate informations and victims did not qualify as one conviction); *State v. Self*, 139 Idaho 718, 724-25[, 85 P.3d 1117, 1123-24] (Ct. App. 2003) (same); *State v. Clark*, 132 Idaho 337, 339-40[, 971 P.2d 1161, 1163-64] (Ct. App. 1998) (three lewd conduct felonies committed on the same day and charged in the same information qualified as one conviction); *State v. Brandt*, 110 Idaho 341, 344-45[, 715 P.2d 1011, 1014-15] (Ct. App. 1986) (adopting the general rule that "convictions entered the same day or charged in the same information should count as a single conviction," but holding the defendant's felonies counted as separate convictions as they were separate crimes with separate victims and locations); *see also State v. Mace*, 133 Idaho 903, 907[, 994 P.2d 1066, 1070] (Ct. App. 2000) (declining to overrule "conviction" interpretation).

5

Cavanaugh argues a "conviction" should have the same meaning whether it is the prior conviction triggering the persistent violator sentencing enhancement or the current conviction subject to the persistent violator sentencing enhancement. In other words, if the defendant commits multiple felonies in their third or additional "conviction," but those felonies were committed as indistinguishable incidents or as part of a common scheme or plan, only one of those felonies should be subject to the persistent violator sentencing enhancement.

The State disagrees and argues that I.C. § 19-2514 authorized the district court's manner of applying the persistent violator sentencing enhancements and no language contained within I.C. § 19-2514, or any other statute, precluded it. The State also argues that the plain meaning of the term "conviction," as utilized in I.C. § 19-2514 to identify the threshold by which a defendant becomes a persistent violator, refers to the adjudication of guilt for a particular criminal offense and not a judgment of conviction that may include the adjudication of guilt for several criminal offenses. Therefore, contrary to Cavanaugh's suggestion on appeal, the judgment of conviction in this case memorialized two distinct convictions, and two distinct sentences, each appropriately subject to the persistent violator sentencing enhancement. *See Ingraham*, 172 Idaho at 40-41, 528 P.3d at 976-77. We agree.

Many jurisdictions do not permit multiple convictions entered the same day or charged in the same information to be used to establish a defendant's status as a persistent violator, reasoning that a defendant should be entitled to an opportunity to reform himself between convictions or that the persistent violator statute seeks to warn first time offenders. *Brandt,* 110 Idaho at 344, 715 P.2d at 1014; *Rome*, 160 Idaho at 44-45, 368 P.3d at 664-65. However, once it is established by verdict or admission that a defendant is a persistent violator, every subsequent felony sentence imposed upon that defendant may be enhanced. *See State v. Bates*, 63 Idaho 119, 117 P.2d 281 (1941).

When it comes to other sentencing enhancements, the Idaho Legislature has specifically prohibited district courts from applying a single enhancement to multiple convictions in some circumstances. Idaho Code § 19-2520E provides that "notwithstanding the enhanced penalty provisions in sections 19-2520" (deadly weapon sentencing enhancement), "19-2520B" (great bodily harm sentencing enhancement) and "19-2520C" (sentencing enhancement for repeated sex offenses, extortion and kidnapping), "any person convicted of two (2) or more substantive crimes provided for in the above code sections, which crimes arose out of the same indivisible course of

conduct, may only be subject to one (1) enhanced penalty." However, neither I.C. § 19-2520E, nor any other statute, precludes a court from applying the persistent violator sentencing enhancement to multiple offenses arising out of the same criminal case; nor has any appellate opinion expanded the I.C. § 19-2520E prohibition on multiple enhancements to other enhancements not enumerated in that statute, such as the persistent violator enhancement.

The judgment of conviction in this case memorialized two distinct convictions and two distinct sentences. Idaho courts have traditionally not treated first-time felony convictions incurred on the same day, that are part of a common scheme or plan, or that constituted indistinguishable incidents of criminal conduct as multiple convictions for establishing a defendant's persistent violator status. This Court has found that this policy is consistent with rehabilitative considerations and fundamental fairness; this policy prevents a first-time offender from meeting the required number of felony convictions and facing potential life in prison as the result of a single criminal occurrence or course of conduct. *Rome*, 160 Idaho at 45, 368 P.3d at 665; *Clark,* 132 Idaho at 339, 971 P.2d at 1163.

In Cavanaugh's case, the above rationale justifying why Idaho courts have not treated first-time felony convictions incurred on the same day, part of a common scheme or plan or constituting indistinguishable incidents of criminal conduct as multiple convictions for establishing a defendant's persistent violator status, does not apply to his two current felonies. As stated above, the policy prevents a first-time offender from meeting the required number of felony convictions and facing potential life in prison as the result of a single criminal occurrence or course of conduct. Cavanaugh is not a first-time offender, and he qualified as a persistent violator through prior felony convictions committed at distinct times. His unified sentence of thirty-five years is not the result of a single criminal occurrence or course of conduct. Rather, his sentence reflects that Cavanaugh has been convicted of multiple prior felonies and committed two new felonies.

For the above-stated reasons, each of Cavanaugh's sentences in his judgment of conviction are subject to the persistent violator enhancement.

C. **Excessive Sentences**

Cavanaugh next contends that the district court abused its sentencing discretion and imposed an excessive cumulative sentence. Specifically, he argues the district court abused its discretion by imposing a unified thirty-five-year sentence, with fifteen years determinate, for each felony conviction, to be served concurrently. Cavanaugh asserts the district court did not exercise

7

reason because the sentences are excessive under any reasonable view of the facts. Specifically, he contends the district court should have sentenced him to a lesser term of imprisonment considering the mitigating factors, including his difficult childhood, alcohol and substance abuse issues, mental health issues, and remorse and regret.

Before imposing sentence, the district court expressly stated that it had reviewed the casefile, considered the statements of Cavanaugh and his attorney, and referenced the appropriate I.C. § 19-2521 factors a court must consider before imposing a sentence of incarceration--which the court cited and analyzed. The district court also acknowledged Cavanaugh's significant mental health and substance abuse issues. A review of the record justifies the district court's sentencing determination.

The underlying facts of this case, and the shooting Cavanaugh was involved in at his ex-girlfriend's residence just days before, demonstrate the danger Cavanaugh poses to others. Cavanaugh's violent criminal conduct had an impact on his law-enforcement victim. At the sentencing hearing, the sergeant testified to thinking and dreaming about the incident; how he has had trouble sleeping and has sought counseling; and how the incident impacted him physiologically and the manner in which he performs his job as a law enforcement officer.

Cavanaugh had three prior felony convictions at the time he committed the underlying offenses in this case (grand theft, eluding and possession of a controlled substance), and was shortly thereafter charged with three additional felony offenses for the shooting involving his ex-girlfriend and her child. Cavanaugh was still on probation, in three unrelated separate felony cases at the time he attempted to elude a peace officer and committed assault upon a law enforcement officer in the present case. In those cases, Cavanaugh violated his probation by both committing the new offenses and by absconding from probation. Cavanaugh has failed to show the district court abused its sentencing discretion.

## IV.

## CONCLUSION

The district court did not err by applying the persistent violator enhancement to each offense in the judgment of conviction. Additionally, Cavanaugh has failed to show the district court abused its sentencing discretion by imposing the underlying sentences. Accordingly, Cavanaugh's judgment of conviction and unified sentences of thirty-five years, with minimum

periods of confinement of fifteen years, for attempting to elude a peace officer in a motor vehicle and assault or battery upon certain personnel, are affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.